Nellie St. Clair, Appellant *v.* Commonwealth of Pennsylvania, Department of Public Welfare.

Argued February 4, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Harry S. Geller,* with him *David Woodward,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 10, 1977:

On or about July 30, 1973, while she was receiving public assistance, Nellie St. Clair (appellant) received a check for $1005.40, representing delayed, lump-sum Social Security (SSI) widow's benefits payable to her. Shortly thereafter she brought the check to her caseworker who attempted, unsuccessfully at first, to determine the exact nature of appellant's SSI benefits. Ascertaining the amount of appellant's monthly benefits was apparently necessary to determine appellant's continuing eligibility for public assistance. At this meeting appellant was asked to, and did, sign a Form 176-K, which is a promise to reimburse the Department of Public Welfare (DPW) for assistance re-

ceived. Although appellant signed the form, she was permitted to retain her check.

On August 3, 1973, appellant was called in to verify the amount of her monthly check. The caseworker testified that at that meeting "reimbursement was again explained to her [appellant], *the fact that she did owe the money to the Commonwealth,* had signed the agreement, and why, you know, we felt that she owed the money to the Commonwealth. And at that point, it would have been explained to her that *she could either sign the check over at that time and we would forward it, or that Claims Settlement would eventually be calling upon her about this claim*—this reimbursement claim—and would refer the information to them." (Emphasis added.) Appellant signed the check over at that time. She was not informed that under *Philpott v. Essex County Welfare Board,* 409 U.S. 413 (1973), such payments were not, in fact, recoverable by the Claims Settlement Division through legal process. The *Philpott* decision was handed down on January 10, 1973.

Subsequently, on being informed that her check was, at least arguably, collected improperly, appellant filed a request for a "Fair Hearing"[1] which was held on March 22, 1976. The hearing examiner, on April 20, 1976, concluded that DPW had not changed its regulations to comport with the *Philpott* decision until October 19, 1973. The examiner reasoned further that, since no provision had been made at the time the regulations were changed to repay persons who had made reimbursement after *Philpott* but before the change in regulations, no repayment to such persons could be made.

This was clearly error, and we must reverse. We find this case to be controlled by *Wohlgemuth v. Arma-*

---

[1] As provided in PA Manual §3590.

*cost,* 18 Pa. Commonwealth Ct. 394, 336 A.2d 455 (1975). In *Armacost,* we held that a reimbursement payment made after January 10, 1973 which was not shown to be truly voluntary was subject to recoupment by Mrs. Armacost. In the case at bar, DPW, through its representative, gave appellant the choice of signing the check over or having the Claims Settlement Division seek reimbursement. However, as in *Armacost,* DPW actually had no valid legal claim to appellant's check. The fact that DPW delayed some nine months in informing its field personnel of the import of the *Philpott* decision may explain the actions of the caseworker here, but it does not render truly voluntary appellant's decision to sign over her check. Therefore, under our holding in *Armacost* and in *Good v. Wohlgemuth,* 15 Pa. Commonwealth Ct. 524, 327 A.2d 397 (1974), appellant is entitled to recover her reimbursement payment.

DPW argues that appellant's claim should have been pursued before the Board of Finance and Revenue rather than through the route of a ''Fair Hearing.'' Although DPW itself accepted the procedure followed at the outset and should not be heard to say that the procedure was improper when such contention was rejected in both *Good, supra,* and *Armacost, supra,* we believe the instant case to be sufficiently similar to the case of *Coshey v. Beal,* 27 Pa. Commonwealth Ct. 440, 366 A.2d 1295 (1976), to justify here the extraordinary remedy permitted in *Coshey.*

Therefore, we make the following

### ORDER

Now, this 10th day of March, 1977, the order of the Department of Public Welfare in the above captioned case is reversed. Leave is hereby granted to Nellie St. Clair to petition nunc pro tunc the Board of Finance and Revenue for a refund of her monies wrong-

fully collected by the Commonwealth, said petition to be filed within thirty days of this order. Each party to bear his own costs.