Helen Daymut, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 3, 1979, before Judges CRUM-LISH, JR., BLATT and CRAIG, sitting as a panel of three.

Robert Petrosky, with him David F. Megnin, for petitioner.

Mary Frances Grobowski, with her Lynne M. Mountz, Assistant Attorney General, Linda M. Gunn, Assistant Attorney General, and Robert P. Kane, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, February 14, 1980:

Claimant Helen Daymut appeals from a Department of Public Welfare (department) decision denying her request for refund of money she had paid as reimbursement for assistance received.

Claimant received general assistance payments from January 7, 1974 to January 22, 1975, pending a decision on her application for Supplemental Security Income (SSI) benefits. At the time of application petitioner was given a PA 176-K form, which is an agreement to reimburse the department for assistance received, and, after reviewing the form for several days, petitioner signed it.

On January 23, 1975, petitioner received a lump sum SSI check in the amount of $2,082. That amount represented SSI payments due, retroactive to January, 1974. At the request of her caseworker, petitioner obtained a check for $1,549.50 and sent it and her uncashed last assistant check to the Armstrong County Board of Assistance.

On April 14, 1976, petitioner requested a refund of the money she had paid to the department by petitioning for a fair hearing. The Armstrong County Board of Assistance held a hearing on June 22, 1976, at which time claimant alleged that her reimbursement had been unlawfully obtained.

The Armstrong County Board of Assistance denied petitioner's refund request. From that decision, claimant has appealed.

Claimant bases her refund claim on the contention that the PA 176-K form constituted an assignment in violation of Section 207 of the Social Security Act, 42 U.S.C. §407 (1974), which provides:

The right of any person to any future payment under [the Supplemental Security Income program][1] shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, at-

---

[1] Section 407 was made applicable to SSI benefits by 42 U.S.C. §1383(d)(1).

tachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law.

Petitioner's view that form PA 176-K constitutes an assignment is in error. The Pennsylvania Supreme Court, in *Tunnicliff v. Department of Public Welfare*, 483 Pa. 275, 396 A.2d 1168 (1978), passed on the operative language in that very form and dispelled any belief that it operates as an assignment of future benefits. The form does not indicate a present intent of the obligor to divest himself of any right to demand possession of a fund, nor does it manifest an intent to transfer a present interest in a chose in action to the department. Instead the form is only an acknowledgment of an obligation to repay assistance from some source.

Having decided that this case does not involve an illegal assignment, we must next determine whether or not the department's collection of reimbursement was otherwise in violation of law.

The case before us is controlled by *Tunnicliff, supra,* where, on very similar facts, the Pennsylvania Supreme Court stated:[2]

Initially we note that Philpott does not require the result urged by appellants. Philpott merely holds that, since states are treated as any other creditor for purposes of section 407, legal *process* cannot be used by the states to reach protected funds. This decision does not, however, obviate the underlying obligation of the debtor who remains liable for the debt, nor does it prohibit the use of nonlegal means to reach protected funds.

---

[2] In the quotation we set forth from *Tunnicliff, supra,* reference is made to *Philpott v. Essex County Welfare Board,* 409 U.S. 413 (1973).

In the instant case the payment made to DPW by appellants was voluntary even though they may have been under the impression that they were legally obligated to pay the debt. The fact is they *were* so obligated! The instruments signed by appellants committed them to repay the interim assistance. They did not delineate the *source* of that repayment.

. . . .

For the foregoing reasons, we hold that the signing of the 'Loan Agreement' and 'Agreement and Authorization to Pay Claim' forms and the non-disclosure of Philpott 'rights' to appellants, without more, were methods that were neither 'tantamount to legal process', nor did they render the reimbursement of the DPW interim assistance involuntary. (Footnote omitted.) (Emphasis in original.)

483 Pa. at 281-284, 396 A.2d at 1171-72.

Although *St. Clair v. Department of Public Welfare,* 29 Pa. Commonwealth Ct. 150, 370 A.2d 751 (1977), and *Wohlgemuth v. Armacost,* 18 Pa. Commonwealth Ct. 394, 336 A.2d 455 (1975), were decided on facts similar to *Tunnicliff, supra,* the Pennsylvania Supreme Court in *Tunnicliff* held as follows:

To the extent that Wohlgemuth v. Armacost, supra note 4, and St. Clair v. Dep't. of Public Welfare, supra note 4, suggest that the mere non-disclosure of Philpott rights to recipients of interim assistance is violative of the 'fair means' test or is tantamount to legal process, these cases are disapproved.

483 Pa. at 284-85, n. 11, 396 A.2d at 1172, n. 11.

We agree, as we have done in the past, that claimant's claim should have been pursued before the Board of Finance and Revenue rather than through the route of a fair hearing before the department. Section 503

of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §503; *St. Clair, supra,* 29 Pa. Commonwealth Ct. at 153, 370 A.2d at 752; *Coshey v. Beal,* 27 Pa. Commonwealth Ct. 440, 442-43, 366 A.2d 1295, 1297 (1976). However, unlike the situations in *St. Clair* and *Armacost, supra,* in the case now before us, claimant has no right to a refund, and, therefore, a remand to the Board of Finance and Revenue—the correct hearing body—would be of no value.

We therefore affirm the decision of the Armstrong County Department of Public Welfare denying petitioner's request for refund.

### ORDER

AND Now, this 14th day of February, 1980, the July 27, 1976 decision of the Department of Public Welfare is hereby affirmed.

Judge DISALLE did not participate in the decision in this case.