James M. Barnes, Petitioner *v.* Commissioner of State Police, Respondent.

Argued September 11, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Michael E. Dunlavey,* for petitioner.

*Francis X. O'Brien, Jr.,* Assistant Attorney General, with him *Andrew B. Kramer,* Assistant Attorney General, and *John L. Heaton,* Chief Counsel, for respondent.

Opinion by Judge Williams, Jr., February 27, 1981:

In this petition for review filed by Trooper Barnes from an Order of the State Police Disciplinary Board suspending him for three days, the Board has presented a motion to quash the appeal as not timely taken. Because we hereby find it necessary to grant the motion and dismiss the appeal, we need not review the substantive merits of the action.

The incident which precipitated this case took place on October 4, 1978. The record indicates that a physical altercation erupted between two off-duty officers, both of whom were consuming alcohol at a social gathering. After an internal department investigation, the appellant was charged with an infraction of the Pennsylvania State Police Field Regulations,[1] and was given a one day suspension. He appealed that decision to the Regional Disciplinary Board, which sustained the determination of impropriety, and increased the suspension to three days. Barnes appealed again.

On April 23, 1979, the Commissioner of the State Police issued an order affirming the decision of the Regional Board. Thirty-six days later, the appellant filed his appeal to this Court.

Pa. R.A.P. No. 1512(a)(1) reads as follows:

(1) A petition for review of a quasijudicial order, or an order appealable under 42 Pa. C. S. §763(b) (awards of arbitrators) or under any other provision of law, shall be filed with

---

[1] Field Regulation 1-1, Section 1.21, "Use of Alcohol—Off Duty" provides:

A Member, while off duty, shall not consume alcoholic beverages to the extent that it results in public behavior which could reasonably be expected to destroy public respect and/ or confidence in the officer and/or Department.

Barnes was charged with violating this provision.

the prothonotary of the appellate court within 30 days after the entry of the order.

The timeliness of an appeal goes to the jurisdiction of this Court to hear and act upon that appeal. *Coshey v. Beal,* 27 Pa. Commonwealth Ct. 440, 366 A. 2d 1295 (1976).

Because the petitioner failed to file his appeal within the prescribed period, this Court cannot take jurisdiction over the matter, and must grant the motion to quash.

ORDER

AND Now, this 27th day of February, 1981, the Court hereby grants the respondent's motion to quash the above-captioned appeal as not timely filed.