444 A.2d 89

**James M. BARNES, Appellant,**

v.

**COMMISSIONER OF the STATE POLICE.**

Supreme Court of Pennsylvania.

Argued March 2, 1982.

Decided April 21, 1982.

Michael E. Dunlavey, North East, for appellant.

Francis X. O'Brien, Jr., Asst. Counsel, Pennsylvania State Police, Harrisburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

State Trooper James Barnes appeals by allowance from an order of the Commonwealth Court quashing, as untimely filed, a petition for review of an order of suspension entered by the Commissioner of State Police. We vacate the order of the Commonwealth Court, 57 Pa.Cmwlth. 178, 425 A.2d 1209, and remand for a determination of the merits.

Pa. R.A.P. 1512(a)(1) provides:

"A petition for review of a quasijudicial order, or an order appealable under 42 Pa. C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order."

The order of suspension was dated April 23, 1979. Appellant's petition for review was filed in the Commonwealth Court on May 29, 1979, the Tuesday following that year's Memorial Day weekend. The Commonwealth Court held that the 30-day period of Pa. R.A.P. 1512 had commenced on April 23, 1979, and thus that the petition should have been filed on or before May 23, 1979.

The record establishes that the order of suspension was delivered to appellant by hand on April 26, 1979. Pa. R.A.P. 108 provides that

"in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties . . . ."

As the order was delivered rather than mailed, the 30-day period of Pa. R.A.P. 1512 began to run on April 26, 1979, the date of delivery of the order.

The thirtieth day following April 26, 1979, was May 26, 1979, the Saturday of that year's Memorial Day weekend. That entire weekend, including Monday, May 28, 1979, must be omitted from the computation of the thirty-day period. See 1 Pa. C.S. § 1908. Appellant's petition, therefore, was due on May 29, 1979, the date on which it was filed.

Order of the Commonwealth Court vacated and record remanded for determination of merits.