Theresa R. Wyatt, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 15, 1981, before President Judge CRUMLISH, JR. and Judges MENCER, ROGERS, BLATT, MacPHAIL, CRAIG and PALLADINO. Reargued September 14, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR., CRAIG, MacPHAIL and DOYLE.

*Donald Marritz,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 5, 1983:

Teresa R. Wyatt (petitioner) appeals from a Board of Finance and Revenue (Board) decision denying her petition for refund of $1665.90 paid to the Pennsylvania Department of Public Welfare (Department) as reimbursement for public assistance garnered pending receipt of retroactive, lump-sum Social Security disability insurance benefits payable to petitioner's husband (now deceased).

The facts as stipulated establish that between December 1971 and March 1973, prior to the federal determination of petitioner's husband's eligibility for Social Security disability insurance benefits, the Department provided public assistance to petitioner and family totaling $1665.90. Although petitioner and husband signed the PA9 Reimbursement Agreement[1] on November 22, 1972, they did not execute the PA176-K Agreement and Authorization to Pay Claim form[2] which provides for the repayment of public assistance monies by recipients upon the availability of funds.

---

[1] Department Manual Section 3822.21, now 55 Pa. Code §257.24(b)(1)(i), provides that Form PA9 is used to acknowledge the liability of real property. Form PA9 contains a confession of judgment which, when signed and recorded with the Prothonotary of the county in which the property is located, will become a lien against the real property owned at the time of recording.

[2] Form PA176-K authorizes neither the assignment nor transfer of Social Security disability insurance benefits; it is primarily an acknowledgement of an obligation to repay assistance when such compensation is received. *Tunnicliff v. Department of Public Welfare,* 483 Pa. 275, 281 n.5, 396 A.2d 1168, 1171 n.5 (1978).

During late February or early March, 1973, petitioner's husband received a retroactive, lump-sum, disability benefit insurance payment totaling $4000.00 from the Social Security Administration. A Department caseworker visited petitioner and husband on March 2, 1973, and informed them that part of the Social Security disability insurance benefits was owed, and would have to be paid, to the Department. *Stipulation of the Record* No. 10 states the following:

> Mr. Mowery [caseworker] told the Wyatts that *part of the lump-sum disability benefits was owed to DPW* [Department of Public Welfare] and would have to be paid to the AC-BA [Adams County Board of Assistance]. (Emphasis added.)

Believing that they were under an enforceable legal obligation to reimburse the Department from the lump-sum, disability insurance payment,[3] petitioner immediately visited the county board of assistance office where she was instructed to, and did tender on March 8, 1973, a cashier's check in the amount of $1665.90. Subsequently, on May 12, 1976, petitioner filed her petition for refund with the Board and appealed the Board's denial to this Court for a proceeding de novo.

Petitioner maintains that she is entitled to a refund pursuant to Section 503(a) of The Fiscal Code (Code), Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §503(a),[4] on the grounds that the Commonwealth is

---

[3] *Stipulation of the Record* No. 11.

[4] Section 503(a) of the Code pertinently provides:

The Board of Finance and Revenue shall have the power, and its duty shall be ... to hear and determine any petition for the refund of ... moneys paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled and, upon the allowance of any such petition, to refund such ... moneys....

neither rightfully nor equitably entitled to the money collected by the Department. Petitioner argues first that the Department's collection method was tantamount to legal process and therefore violative of Section 207 of the Social Security Act, 42 U.S.C. §407,[5] which provides that disability insurance payments, *inter alia*, may not be transferred, assigned or reached by legal process; and, alternatively, that the Department failed to employ "fair means other than legal process" in collecting the reimbursement.[6]

We must address first, however, the Department's assertion that petitioner's refund claim[7] is barred by the two years statute of limitations of Section 503(a) of the Code, 72 P.S. §503(a),[8] and that the claim is not subject to the five years limitation period of Section 503(a)(4) of the Code, 72 P.S. §503(a)(4). As we stated

---

In *Coshey v. Beal*, 27 Pa. Commonwealth Ct. 440, 366 A.2d 1295 (1976), we held that the Board is the proper forum in which to seek refunds in the circumstances of this case.

[5] Section 207 of the Social Security Act, 42 U.S.C. §407, provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

[6] The "fair means" test was developed and applied in *Good v. Wohlgemuth*, 15 Pa. Commonwealth Ct. 524, 327 A.2d 397 (1974); *Wohlgemuth v. Armacost*, 18 Pa. Commonwealth Ct. 394, 336 A.2d 455 (1975); and *St. Clair v. Department of Public Welfare*, 29 Pa. Commonwealth Ct. 150, 370 A.2d 751 (1977).

[7] Petitioner reimbursed the Board on March 8, 1973, and petitioned the Board for refund on May 12, 1976. *Stipulation of the Record* Nos. 14 and 20.

[8] Section 503(a) of the Code, 72 P.S. §503(a), requires that a petition for refund of moneys paid to the Commonwealth "must be filed with the Board within two years of the payment of which refund is requested.... "

in *Dumas v. Board of Finance and Revenue*, 29 Pa. Commonwealth Ct. 396, 399, 371 A.2d 539, 540 (1977), *aff'd per curiam*, 478 Pa. 20, 385 A.2d 976 (1978),

> [i]n order to qualify for the extended five years limitation, a petitioner: (1) must have paid money to the Commonwealth pursuant to a provision of an act of assembly or an interpretation thereof; and (2) a court of competent jurisdiction must subsequently hold, by final judgment, said act to be unconstitutional *or* the interpretation thereof erroneous. (Emphasis in original.)

Since petitioner reimbursed the Department pursuant to Section 4(a) of The Support Law, 62 P.S. §1974(a),[9] the first condition of the statutory requirement and *Dumas* test is satisfied. The second condition necessary to trigger the five years limitation period is also fulfilled. On January 10, 1973, the Supreme Court in *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973) held that Section 207 of the Social Security Act prohibited states from using legal process to obtain public assistance reimbursement from a recipient's social security benefits. Then pertinent and effective Department regulations implementing and interpreting The Support Law subjected social security benefits to legal process. Thus, in light of *Philpott*, Department regulations subjecting Social Security benefits to legal process were erroneous interpretations of The Support Law.[10] *Dumas*, 29 Pa. Commonwealth Ct. at 401, 371

---

[9] Section 4(a) of The Support Law, Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. §1974(a), states in pertinent part:

> [T]he real and personal property of any person shall be liable for the expenses of his support ... incurred by any public body or public agency....

[10] Department Manual Section 3821.2, entitled "List of Properties Liable and Methods of Acknowledgment," included delayed,

A.2d at 541. Petitioner's claim for monies collected by the Department pursuant to this erroneous interpretation may therefore be brought within five years from the date of reimbursement.

Petitioner first maintains that the Department's collection method, *sub judice*, was equivalent to use of legal process and therefore violative of Section 207 of the Social Security Act. *See, Moore v. Colautti*, 483 F. Supp. 357 (E.D. Pa. 1979) *aff'd mem.*, 633 F.2d 210 (3d Cir. 1980) (circumstances surrounding Department's collection practices constitute use of legal process upon proof of implied or express threats of formal sanctions).

We have consistently held that the actions of a caseworker in demanding and collecting reimbursement, without more, does not constitute legal process in contravention of Section 207. *Wohlgemuth*, 18 Pa. Commonwealth Ct. at 400, 336 A.2d at 458; *Good*, 15 Pa. Commonwealth Ct at 527, 327 A.2d at 399. Furthermore, the stipulation does not suggest that petitioner was intimidated or coerced into reimbursing the Department or that formal or quasi-formal legal action was threatened by the Department. While petitioner believed that she was under an enforceable legal duty to reimburse the Department, the Department's collection method was "not so intrinsically coercive as to constitute 'legal process' within the meaning of section 207" *See, Moore*, 483 F. Supp. at 369.[11] *See also,*

---

lump-sum Social security benefit payments as property subject to legal process by the Department.

In response to *Philpott* and effective November 1, 1973, the Department revised the list and eliminated Social Security benefit payments as property subject to legal process. *See, Dumas*, 29 Pa. Commonwealth at 401 n.3, 371 A.2d at 541 n.3.

[11] One Department collection practice which the *Moore* court found to be unlawful concerned caseworkers admonishing recipients not to cash their lump-sum Supplemental Security Income (SSI) checks. In invalidating that collection method the court stated:

*French v. Michigan Department of Social Services,* 92 Mich. App. 701, 285 N.W.2d 427 (1979).

Finally, petitioner maintains that the Department's collection practice violated the "fair means" test developed and refined by this Court in *Good, Wohlgemuth* and *St. Clair.* This "fair means" test scrutinizes the Department's collection methods and upholds debt collection obtained "by fair means other than legal process." *Good,* 15 Pa. Commonwealth Ct. at 527 n. 3, 327 A.2d at 399 n. 3.

Although the "fair means" standard is not violated by mere failure to inform recipients of their *Philpott* rights, *Tunnicliff,* 483 Pa. at 281-84, 396 A.2d at 1171-73, such standard is contravened when recipients are affirmatively misled into believing that they have a legal obligation to make repayment from *Philpott* protected funds. *Tunnicliff,* 483 Pa. at 282 n. 6, 396 A.2d at 1171 n. 6; *Moore,* 483 F. Supp. at 371; *St. Clair,* 29 Pa. Commonwealth Ct. at 153, 370 A.2d at 752; *Wohlgemuth,* 18 Pa. Commonwealth Ct. at 400, 336 A.2d at 458.[12] Department caseworkers accordingly may neither misinform nor affirmatively mislead recipients into believing that specific funds expressly protected under *Philpott* and Section 207 are to be the

---

By instructing recipients not to cash their lump sum SSI checks, caseworkers generate the impression that the SSI proceeds are not protected funds and that legal sanctions may ensue if the recipient fails to make reimbursement from that particular check. We believe that this practice constitutes an implied threat of legal process and, accordingly, we declare it illegal....

*Id.* at 369-70. In the instant case, petitioner and her husband were never advised not to cash their lump-sum, disability benefit check.

[12] *Tunnicliff* overruled *Wohlgemuth* and *St. Clair* only to the extent that those decisions suggested that the non-disclosure of *Philpott* rights to recipients of public assistance violated either the "fair means" test or is tantamount to legal process. 483 Pa. at 284-85 n.11, 396 A.2d at 1172 n.11.

source of reimbursement. *See, Tunnicliff,* 483 Pa. at 282 n. 6, 396 A.2d at 1171 n. 6; *Moore,* 483 F. Supp. at 369.

By denominating as a reimbursement source the protected Social Security disability insurance funds, the Department's caseworker misinformed petitioner and affirmatively misled her to believe that she had a legal duty to make repayment from the insurance monies when no such obligation existed and the Department lacked a valid legal claim to the shielded funds. We therefore conclude that petitioner's reimbursement of the Department, while not achieved through legal process, was not obtained by "fair means" and petitioner is consequently entitled to a full refund from respondent.

ORDER

AND Now, this 5th day of July, 1983, the order of the Board of Finance and Revenue is reversed and judgment is entered for Teresa R. Wyatt and against the Commonwealth of Pennsylvania, Department of Public Welfare in the amount of $1,665.90. Exceptions must be filed hereto within thirty (30) days after entry of this Order.