466 A.2d 619
**John STANKUS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE POLICE, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1983.

Decided Oct. 25, 1983.

Reargument Denied Jan. 16, 1984.

**3.** —— Pa.Super. ——, 455 A.2d 199 (1983).

Charles C. Gentile, Uniontown, Douglas L. Thomas, Hempstead, N.Y., for appellant.

Francis X. O'Brien, Office of Chief Counsel Pa. State Police, Harrisburg, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice.

Appellant, a corporal in the State Police, stood court martial on various charges. Found guilty, he was with the concurrence of the Commissioner, dismissed. On December 15, 1981, a memorandum notifying appellant of his dismissal, effective midnight of that day, was sent by certified mail. Because appellant would not receive the notice of dismissal in time to prevent further duty, he was notified by hand-delivered notice that he would be compensated for any hours worked until midnight December 17, 1981. Both notices were received by appellant on December 17, 1981.

Appellant filed a petition for review with the Commonwealth Court on January 18, 1982, challenging the denial of a continuance before the court martial and asserting a res judicata argument. In view of our determination, the basis of his appeal has no relevance. The Commissioner of the

State Police, appellee, filed a motion to quash the petition as untimely filed. After argument held on June 1, 1982, the Commonwealth Court (Blatt, J.) quashed the petition by order dated June 7, 1982.

Pa.R.A.P. 1512(a)(1) provides:

A petition for review of a quasijudicial order, or an order appealable under 42 Pa.C.S.A. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order.

Appellant argues that the date of entry of the order suspending him is December 17, 1981, the date he received his second, hand-delivered notice, and that that notice superseded the notice of December 15.[1] Thus, a petition for review filed at any time up to January 18 (the Monday following a thirtieth day falling on a weekend) would be timely. This argument must be rejected. It is clear that the order dismissing appellant was entered on December 15, 1981, and that the later notice effected no substantive amendment of the original order. The order was entered at the time of the December 15 mailing and the effect of the second notice was simply to inform appellant that he would be paid for hours worked through December 17.[2] This conclusion is strengthened by the fact that the second notice specifically informed appellant that the first notice was sent to him by certified mail on December 15, thus apprising him of its effective date. Nor may appellant claim any reliance

[1] Pa.R.A.P. 108(a)(1) provides as follows:

Except as otherwise prescribed in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties, or if such delivery is not otherwise required by law, the day the clerk or office of the government unit makes such copies public. The day of entry of an order may be the day of its adoption by the court or other government unit, or any subsequent day, as required by the actual circumstances.

[2] Had there been only the hand-delivered notice, the 30-day period would indeed have begun on the date of delivery. *Barnes v. Commissioner of State Police,* 497 Pa. 619, 444 A.2d 89 (1982).

on the December 17 delivery as affecting the entry date, since there was never any confusion claimed concerning the facts relating to the dismissal order.

Since the order dismissing appellant was entered upon its mailing, December 15, 1981, the 30-day appeal period began to run on that date and therefore ended on January 14, 1982. Appellant's petition for review was thus untimely filed and the Commonwealth Court order quashing the petition was proper.

Order affirmed.