Charles A. Pierce, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Hearing before Judge CRAIG.

*David Gates,* with him, *Ellen Yackin,* for petitioner.

*Jason W. Manne,* Assistant Counsel, with him, *Carol A. Genduso,* Assistant Attorney General, *Mary Frances Grabowski,* Assistant Attorney General, and *William H. Haubert, II,* Deputy Attorney General, for respondent.

MEMORANDUM OPINION BY JUDGE CRAIG, December 16, 1983:

The Pennsylvania Department of Public Welfare (DPW) has applied, under Pa. R.A.P. 1532(b), for summary disposition, in its favor, of this appeal by petitioner Pierce from a decision of the Board of Finance and Revenue. Pa. R.A.P. 1571(a) subjects an appeal of this category to the summary relief rule, which allows this court to make the requested disposition "if the right of the applicant thereto is clear."

The undisputed facts are embodied in documents and affidavits placed in the record, in accordance with regular summary judgment procedure. On account of public assistance paid to Mr. Pierce in 1971 and 1975, his home had been subject to a DPW judgment lien in the amount of $3,476.03, to insure ultimate repayment

by him. In July, 1977, he applied to a bank for a home-remodeling loan, for the purpose of adding two bed-rooms to his residence, construction made necessary by his family circumstances. On July 15, 1977, Mr. Pierce asked DPW to postpone its lien to that which would be attached for the lender's security. On August 3, DPW requested additional information, which Mr. Pierce supplied. However, on August 11, about a week later, Mr. Pierce settled with the bank before re-ceiving a response or decision from DPW. Of course, the bank insisted upon satisfying DPW's lien from the loan proceeds, so that Mr. Pierce was able to ob-tain only the remaining balance of the loan amount requested.

Over a month later, on September 19, Mr. Pierce asked DPW to pay $3,476.03 to him and reinstate the lien, necessarily as a subordinate one. DPW refused, and, upon appeal to it, the Board of Finance and Reve-nue affirmed that refusal.

Mr. Pierce relies on section 503(a) of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §503(a), requiring the board to "refund" any money "paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled. . . ."

With that statutory premise, the controlling ques-tion of law is whether or not DPW was rightfully and equitably entitled to receive the liquidation of the pub-lic assistance lien which the bank paid to it.

The answer is clear. Beyond doubt, the assistance reimbursement amount was lawfully due the Common-wealth, the lien having been a proper one. Mr. Pierce declined to wait more than eight days for DPW's final response and insisted upon proceeding with his loan closing, resulting in the liquidation of the lien. Hence, his request that DPW pay money to him, with a rein-stitution of the lien, was not a request for a refund,

but was in reality an application that the Commonwealth make a secured loan to him, in order to supplement the amount he received from the bank. There is no legal basis upon which Mr. Pierce can insist that the board order such a disbursement to him.

*Dumas v. Board of Finance and Revenue*, 29 Pa. Commonwealth Ct. 396, 371 A.2d 539 (1977), *aff'd* 478 Pa. 20, 385 A.2d 976 (1978), and *Coshey v. Beal*, 27 Pa. Commonwealth Ct. 440, 366 A.2d 1295 (1976), cited to support his claim, are not applicable here. Those cases each involved a reimbursement agreement which the courts held to be not enforceable because it was grounded upon a legally invalid basis.

With the facts undisputed, and with DPW having a clear legal right to final disposition in its favor, the requested summary disposition is granted.

## Order

Now, December 16, 1983, the respondent's motion for summary judgment is granted, and the order of the Board of Finance and Revenue dated May 23, 1978, at its Docket No. M-5836, is affirmed.