Robert C. JUBELIRER, Senator and President pro tempore of the Pennsylvania Senate, and John M. Perzel, Representative and Speaker of the Pennsylvania House of Representatives, Petitioners

v.

Edward G. RENDELL, Governor of Pennsylvania; Robert P. Casey, Jr., State Treasurer of Pennsylvania; Michael J. Masch, Secretary of Budget and Administration of Pennsylvania; Estelle Richman, Secretary of Public Welfare of Pennsylvania; Pennsylvania Department of Public Welfare; Allen D. Biehler, Secretary of Transportation of Pennsylvania; Pennsylvania Department of Transportation; Colonel Jeffrey B. Miller, Commissioner of the Pennsylvania State Police; Pennsylvania State Police, Respondents.

Commonwealth Court of Pennsylvania.

Argued April 5, 2006.

Decided Aug. 10, 2006.

John P. Krill, Jr., Harrisburg, for petitioners.

Mark A. Aronchick, Philadelphia, for respondent, Edward G. Rendell.

Sally Ann Ulrich, Harrisburg, for respondent, Robert P. Casey, Jr.

Peter H. LeVan, Jr., Philadelphia, for respondent, Department of Transportation.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, and SIMPSON, Judge.

OPINION BY President Judge COLINS.

We consider Respondents' Application for Summary Relief filed in response to Petitioners' Petition for Review seeking a declaratory judgment and injunctive relief that would: 1) declare that Article V, Section 16 of our Constitution does not permit the Governor to disapprove of language in an appropriations bill, as opposed to the amounts appropriated in a bill; 2) declare the Governor Edward G. Rendell's (Rendell) disapproval of language, rather than amounts appropriated, in the General Appropriations Bill of 2005, Act No. 2005–1–A (GAB), to be unconstitutional, null and void; and 3) enjoin all Respondents from complying with Rendell's disapprovals of the Act. We also consider Robert C. Jubelirer's (Jubelirer) preliminary objection and motion to strike filed in response to Respondents' answer to the Petition for Review on the grounds that it is not verified properly, that the answer contains scandalous and impertinent matter and that parts of it are barred by the Speech and Debate Clause of the Pennsylvania Constitution, Article II, Section 15. Robert P. Casey (Casey) has filed a preliminary objection seeking to remove himself as a party on the ground that, as Treasurer, any ruling by this Court will bind him whether or not he remains a party. We overrule Jubelirer's preliminary objection and deny his motion to strike, we deem Casey's preliminary objection moot, and we grant Respondents' Application for Summary Relief.[1]

---

1. Casey was not among the Respondents applying for summary relief.

Rendell signed the GAB into law on July 7, 2005. In signing the GAB, Rendell disapproved seven distinct items in the bill pursuant to the powers granted by Article IV, Section 16 of our Constitution.[2] The four items that Rendell disapproved that are challenged by the Petitioners are: 1) Section 2010, the Motor License Fund Limitation, which would authorize DOT to "make adjustments to construction contracts for highway capital projects involving steel entered into prior to March 1, 2004 where the adjustments are supported by mutual consideration" (Steel Provision); 2) Section 219, Department of Public Welfare provision for outpatient medical assistance that would prohibit the DPW from expending or authorizing the expenditure of funds for family planning services "in excess of the amounts expended for such services in the 2004–2005 fiscal year[]" and would subject such funds "to the same restrictions contained in the appropriations for grants for women's medical services[]" (Family Planning Provision); 3) Section 223, Pennsylvania State Police provision that would prohibit the closure of any State Police Barracks unless a public hearing was held on 30 days' notice (State Police Barracks Provision); and 4) Section 801, Department of Transportation provision that would require the use of at least $1,500,000 of appropriated funds "for a pilot project to expand the width of pavement markings from four to six inches on limited access highways." (Highway Lines Provision).

Petitioners took no legislative steps to override Rendell's disapprovals as authorized by Article IV, Section 15 of our Constitution, but instead, in September of 2005, filed their petition for review.

The questions we are asked to determine are 1) whether the Respondents are entitled to summary relief; 2) whether Respondents' answer should be dismissed or stricken to the extent requested by the Petitioners; and, 3) whether Casey should be removed as a party.[3]

 Jubelirer objects preliminarily to Respondents' answer to the petition for review on the ground that it is not verified properly in that it is verified by Governor Rendell's chief of staff and not by Rendell personally. Respondent's reply that the petition is filed against Rendell in his official capacity as governor and that a verification signed by the governor's chief of staff is thus sufficient. When deciding preliminary objections in the nature of a demurrer we accept as true all well pled facts in the complaint and decide on the basis of those facts whether the law says with certainty that there can be no relief. *Stilp v. Commonwealth*, 699 A.2d 1353 (Pa. Cmwlth.1997). In the caption of their petition for review the Petitioners name "EDWARD G. RENDELL, Governor of Pennsylvania" and in paragraph 11 of the Petition they plead as fact that "Edward G. Rendell is the Governor of Pennsylvania." The facts, as they are plead indicate that the Petitioners have brought this action against the Governor of Pennsylvania, who is presently Edward G. Rendell, and not against Edward G. Rendell "individual-

---

**2.** Article IV, Section 16 provides,

The Governor shall have the power to disapprove of any item or items of any bill, making appropriations of money, embracing distinct items, and the part or parts of the bill approved shall be the law, and the item or items of appropriation disapproved shall be void, unless re-passed according to the rules and limitations prescribed for the passage of other bills over the Executive veto.

**3.** We consider only a question of law and our standard of review is therefore plenary. *American Casualty Company v. PHICO Insurance Company*, 549 Pa. 682, 702 A.2d 1050 (1997).

ly" or "in his capacity as an individual" as we would expect an action against an individual to be pleaded. In addition, we are persuaded by our Superior Court's decision in a case in which that court reinstated an action which had been dismissed by the court below for the defendant's failure to verify an answer.

" 'While we do not, of course, condone willful noncompliance with our procedural rules, a hypertechnical reading of each clause, and a blind insistence on precise, formal adherence, benefits neither the judicial system nor those utilizing that system ... [C]ourts should not be astute in enforcing technicalities to defeat apparently meritorious claims; ...' "

Thus, at a bare minimum, a court confronted by a defective verification should grant leave to amend before dismissing the petition.

*Monroe Contract Corporation v. Harrison Square, Inc.,* 266 Pa.Super. 549, 405 A.2d 954, 958–959 (1979) (citations omitted).[4] Jubelirer's preliminary objection to the form of verification contained in the answer to the petition is overruled.

■ "Rule 1028(a)(2) [of our Rules of Civil Procedure] provides that preliminary objections may be filed for failure of a pleading to conform to law or rule of court or 'inclusion of scandalous or impertinent matter.' To be scandalous and impertinent, the allegations must be immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pennsylvania v. Commonwealth,* 710 A.2d 108, 115 (Pa. Cmwlth.1998) (citation omitted). Petitioners have chosen to move to strike material they consider scandalous and impertinent rather than to object to it preliminarily. We will, however consider their Motion to Strike as a preliminary objection in that

form. Petitioners object that the last sentence in paragraph 37 of Respondents' Answer to the Petition for Review and certain parts of Respondents' Memorandum of Law in Support of their Application of Summary Relief are scandalous and impertinent and that the sentence in paragraph 37 violates the Speech and Debate Clause of Article II, Section 15 of the Pennsylvania Constitution.

Paragraph 37 of the Petition for Review alleges that the Governor's power of disapproval extends only to amounts appropriated, not to the "language that defines the appropriation of funds ...." Paragraph 37 of Respondents' Answer is a denial of this allegation as a conclusion of law that ends in these two sentences,

By way of further answer, for more than two decades, Governors of this Commonwealth from both major political parties have repeatedly disapproved of similar provisions in general appropriations bills without judicial challenge. Furthermore, senior staff members of Petitioners and of Petitioners' caucuses were informed by administration officials as early as a week before the Governor's disapproval that the Governor intended to disapprove certain provisions in the bill.

It is the second sentence beginning with "Furthermore" that Petitions object to as scandalous and impertinent and a violation of the Speech and Debate Clause. This sentence is, by any stretch of the legal imagination, not a violation of the Speech and Debate clause nor is it scandalous and impertinent. We are simply not convinced that this single sentence, in the context of 10 pages and 52 paragraphs, is inappropriate or immaterial to the extent that is deserves judicial consideration. The

---

4. *affirmed,* 562 Pa. 632, 757 A.2d 367 (2000).

Speech and Debate Clause of the Pennsylvania Constitution states,

> The members of the General Assembly shall in all cases, except treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place.

Pa. Const. Art II, § 15.

■ Petitioners assert that the last sentence in Respondents' paragraph 37 violates the Speech and Debate Clause because the referenced communication "concerns communications between staff in the Governor's Office and staff in the General Assembly during budget negotiations" that are somehow "protected by the Speech and Debate Clause." The fallacy of this allegation requires no legal analysis and can be established by a simple examination of the sentence in light of the Clause. The sentence does not describe or refer to "any speech or debate in either House" but instead to the fact that "administration officials" communicated with "senior staff members of Petitioners and of Petitioners' caucuses." The sentence does not in any way refer to the context in which speech or debate in the General Assembly is protected by the Speech and Debate Clause and thus the Speech and Debate Clause is not implicated here.

■ Petitioners' allegation that certain parts of Respondents' Memorandum of Law in Support of their Application of Summary Relief are scandalous and impertinent must also fail. Pa. R.C.P. No. 1028(a)(2) provides that preliminary objections may be filed to a *pleading* alleged to contain scandalous or impertinent matter, and a pleading is defined as one of "[t]he formal allegations by the parties to a lawsuit of their respective claims and defenses, with the intended purpose being to provide notice of what is to be expected a trial." *Black's Law Dictionary* 1152 (6th ed.1990). A memorandum of law is not a pleading.

Casey has filed preliminary objections on the ground that there is no material allegation of fact in the Petition for Review that establishes any right to relief against him and that he will, as Treasurer, be bound by any decision reached by this Court, whether on not he remains a party. Petitioners counter that if they prevail and Rendell's disapprovals are found to be unconstitutional, Casey will have to be enjoined from complying with the disapprovals and that he is thus a necessary party. The only relief requested by the Petitioners that applies to Casey is that he be enjoined from complying with Rendell's disapprovals. We will deny that relief and thereby moot Casey's preliminary objection.

Pa. R.A.P. 1532(b) provides that "[a]t any time after the filing of a petition for review in an appellate or original matter the court may on application of either party, enter judgment if the right of the applicant thereto is clear." The grant of judgment to an applicant by way of summary relief is appropriate where there are no material facts in dispute and the applicant is correct on the dispositive legal issues. *Marshall v. Board of Probation and Parole*, 162 Pa.Cmwlth. 256, 638 A.2d 451 (1994); *Pierce v. Department of Public Welfare*, 84 Pa.Cmwlth. 602, 480 A.2d 341 (1983). Summary relief is an appropriate remedy to be sought here as there are no material facts in dispute in this matter, and in resolving it we will consider only questions of law.

Petitioners assert that the grant of power in Article IV, Section 16 that allows the Governor to "disapprove of any item or items" in an appropriations bill is restricted in that it allows him to disapprove only the appropriation of funds and that the power does not extend to the language that defines the appropriation. Respondents argue that Article IV, Section 16 was designed as an important check against the legislative majority in that it prevents the placing of riders in appropriations bills that would be of questionable strength if forced to stand on their own, and that to restrict the Governor's disapproval power as the Petitioners propose would leave the Governor with the choice of permitting objectionable items to become law or of disapproving entire appropriations bills. The Respondents rely on *Commonwealth ex rel. Attorney General v. Barnett*, 199 Pa. 161, 48 A. 976 (1901), for the proposition that "the Governor is entitled to exercise his legislative judgment separately, and to approve or disapprove accordingly." *Id.*, 199 Pa. at 174–175, 48 A. at 978. According to the holding in *Barnett*, the Governor's powers of disapproval are no less extensive than, and are entirely coexistent with, the General Assembly's power to enact legislation in the first place. In other words, if the General Assembly can put it in, the Governor can take it out. Petitioners assert that *Barnett* speaks only to the Governor's power to disapprove appropriations and that it does not give him power to disapprove substantive language. The Supreme Court, in discussing the Governor's power under Article IV, Section 16, stated,

> But every appropriation, though it be for a single purpose, necessarily presents two considerations almost equally material, namely, the subject and the amount. The subject may be approved on its merits, and yet the amount disapproved, as out of the proportion to the requirements of the case, or as beyond the prudent use of the state's income. The legislature had full control of the appropriation in both its aspects and the plain intent of this section was to give the governor the same control, as to disapproval, over each subject and each amount. A contrary construction would destroy the usefulness of the constitutional provision. If the legislature, by putting purpose, subject, and amount inseparably together, and calling them an 'item,' can coerce the governor to approve the whole or none, then the old evil is revived which this section was intended to destroy.

199 Pa. at 173–74, 48 A. at 978.

This language in *Barnett* unequivocally interprets our Constitution to grant to the Governor the power to disapprove of either the amount of an appropriation or the purpose for which money is appropriated or both. The Petitioners misinterpret *Barnett* when they state in their brief, "In *Barnett*, the issue of whether a governor may, under Article IV, Section 16, delete language associated with an appropriation was not before the Supreme Court. The holding in *Barnett* is limited to the Supreme Court's conclusion that Article IV, Section 16 permits a governor to reduce (i.e. partially disapprove) the amount of an appropriation." (Petitioners' Brief in Opposition to Respondents' Application for Summary Relief, at 14.) The words of the *Barnett* court quoted above clearly contradict this assertion. Petitioners also rely on *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991), and *Pap's A.M. v. City of Erie*, 571 Pa. 375, 812 A.2d 591 (2002). Neither case speaks to the Governor's powers under Article IV, Section 16, but rather they address general rules of constitutional interpretation and are of no help to us in our deliberations. The Petitioners' argument that Article IV, Section

16 does not permit the Governor to disapprove of language in an appropriations bill, as opposed to the amounts appropriated is without merit.

We note in closing that our Constitution provides a mechanism, contained in Article IV, Section 15, by which the General Assembly may restore appropriations disapproved by the Governor and that this is not only the appropriate, but also the sole remedy available.

Accordingly, we overrule Jubelirer's preliminary objection and deny his Motion to Strike, we deem Casey's preliminary objection moot, and we grant the relief requested by the Respondents by entering judgment in favor of the Respondents and against the Petitioners by denying Petitioners the relief requested.

Judges COHN JUBELIRER and LEAVITT did not participate in this decision.

### ORDER

AND NOW, this 10th day of August 2006, upon consideration of Petitioners' Petition for Review and the responses filed thereto, Jubelirer's Preliminary Objection is OVERRULED and his Motion to Strike is DENIED.

Respondents' Application for Summary Relief is GRANTED, and judgment is ENTERED in favor of the Respondents and against the Petitioners in that the relief requested by the Petitioners is DENIED.