**Melvin J. PATTERSON, Plaintiff,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 78–0416–R.**

United States District Court, E. D. Virginia, Richmond Division.

Aug. 20, 1979.

Suzanne K. Fulton, Metropolitan Richmond Legal Aid, Richmond, Va., for plaintiff.

Eliot Norman, Asst. U. S. Atty., Richmond, Va., for defendant.

MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Melvin J. Patterson, filed applications with defendant Secretary of Health, Education and Welfare ("Secretary") on April 27, 1977 for a period of disability, disability insurance benefits and for supplemental security income benefits. Plaintiff brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Secretary's final decision that plaintiff was not entitled to either disability benefits or supplemental security income benefits.

The sole issue before this court is whether the final decision of the Secretary is based upon substantial evidence. *See* 42 U.S.C. § 405(g). Defendant has moved for summary judgment, plaintiff has filed a cross-motion for summary judgment, and the matter is ripe for disposition.

The function of this court is not to try the matter *de novo*, nor to resolve mere conflicts in the evidence. The court, however, is duty-bound to give careful scrutiny

to the entire record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational. *Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971).

The facts are not in dispute. They are, as set forth by defendant, as follows:

When plaintiff filed his application on April 27, 1977 for a period of disability, disability benefits, and supplemental security income benefits, he alleged that he had become unable to work on October 12, 1976, at age 57, due to asthma and emphysema.

Plaintiff's application was denied initially and upon reconsideration by the Bureau of Disability Insurance of the Social Security Administration after the Virginia State Agency, upon evaluation of the evidence by a physician and a disability examiner, had found that plaintiff was not under a disability as defined in the Social Security Act. At plaintiff's request, an Administrative Law Judge ("ALJ") considered plaintiff's case *de novo* in a hearing held in Richmond, Virginia, at which plaintiff, his public assistance caseworker and a vocational expert testified. The ALJ, in a written decision, found that plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision was approved by the Appeals Council on February 14, 1978, at which time it became the final decision of the Secretary.

At the hearing, plaintiff testified that he had been suffering from a lung condition (asthma and emphysema) for about eight years. Plaintiff stated that he had been hospitalized for his condition many times, was still under a doctor's care, and ceased working only after his lung condition deteriorated to the point where he "couldn't go no further." His lung problems, plaintiff stated, caused him to become short-winded when he walked or tried "to do anything", and at times prevented him from sleeping. Plaintiff stated he could stand for about four or five minutes at a time, could not do any heavy lifting, and could do very little repetitive bending, stooping, squatting or climbing. In response to questions by the ALJ, plaintiff stated that sometimes merely breathing causes him chest pains and pain on both sides of his back.

At the hearing, plaintiff testified that he has a sixth grade education, is not able to read or write very well, has never received special vocational training, and has worked for most of his life as a truck driver.

Charlotte Gail Haney, plaintiff's public assistance caseworker, verified plaintiff's testimony and added that she had noticed that plaintiff frequently experienced difficulty breathing, a condition which appeared to have gotten progressively worse throughout 1977.

Plaintiff was admitted to Richmond Memorial Hospital on August 30, 1974 with a diagnosis of asthma and emphysema. Two years prior to that date, plaintiff had visited the hospital emergency room due to increasing respiratory problems, and was diagnosed at discharge as suffering from bronchitis and asthma. When admitted on August 30, 1974, plaintiff complained of increased breathing problems. Plaintiff was again hospitalized on May 1, 1975 with an acute asthma attack, and was diagnosed upon discharge as suffering from chronic obstructive pulmonary disease with asthma.

Plaintiff was hospitalized three additional times in 1975 and 1976. On December 20, 1976, plaintiff was admitted to the hospital in acute respiratory distress.

Dr. Clifton L. Parker, a Board-certified internist and specialist in pulmonary diseases, who was plaintiff's treating physician during his previous hospitalizations, reported on February 8, 1977 that he thought plaintiff was totally disabled due to chronic obstructive pulmonary disease and asthma. Dr. Parker also reported that plaintiff had been hospitalized from April 22, 1977 until April 26, 1977 with complaints of increasing bronchial obstruction and wheezing. On May 5, 1977, Dr. Parker stated that plaintiff was unable to engage either in his usual occupation as a truck driver or, considering plaintiff's educational background and experience, in any other gainful work. Dr. Parker therefore believed plaintiff to be totally and permanently disabled.

On July 12, 1977, Dr. Parker reiterated his opinion that plaintiff was disabled. Dr. Parker summarized plaintiff's history of multiple hospitalizations, visits to the hospital emergency room, and medications and treatments since May 23, 1975. Dr. Parker found it significant that even with a daily dosage of 30 mg. of Prednisone, increased from 10 mg. on November 11, 1975, plaintiff recently had to visit the emergency room to ease his discomfort.

Subsequent to the hearing, the ALJ sent plaintiff to be examined by Dr. Edward S. Ray, a Board-certified internist and specialist in pulmonary diseases. Dr. Ray gave plaintiff Ventilatory Function Studies tests which he concluded accurately reflected plaintiff's rather severe impairment of ventilation due to a combination of bronchospasm and emphysema. Dr. Ray stated that, in an eight hour work day, plaintiff could sit for eight hours, stand for three to four hours and walk no more than one hour. Dr. Ray reported that plaintiff was totally restricted from exposure to dust, fumes and gases, and concluded that plaintiff would have to limit his physical activity to light work.

Dr. George R. Jarrell, a vocational expert, testified at the hearing that he had reviewed all of the evidence in the case. When asked by the ALJ to take into consideration plaintiff's age, education and work experience and to assume that the ALJ found that plaintiff suffered from pulmonary and/or cardiac impairments which resulted in chest pains, shortness of breath upon light and sedentary activity, and an inability to engage in any activities which require heavy lifting, prolonged walking or standing, repetitive bending, stooping, squatting or climbing, Dr. Jarrell stated that plaintiff could not perform any type of substantial gainful activity. Assuming the same hypothetical findings with the exception that plaintiff experienced shortness of breath only during moderate or heavy exertion, however, Dr. Jarrell stated that plaintiff could perform such sedentary work as package laborer, press machine tender, machine operator, or light jobs transporting people, all of which jobs exist in significant numbers in the national economy.

In his November 21, 1977 opinion, which became the final decision of the Secretary when adopted by the Appeals Council, the ALJ found that plaintiff did not suffer from shortness of breath or chest pains of such severity as would preclude him from performing the jobs listed by Dr. Jarrell. The ALJ then held that plaintiff was not disabled within the meaning of the Social Security Act because the ALJ believed that plaintiff could work as a package laborer, press machine tender, handle bender or machine operator, jobs which exist in substantial numbers in the regional and national economies.

The ALJ found that plaintiff was under sixty-five years of age, had met the special earnings requirements, and thus had insured status on October 12, 1975. The only remaining question in determining whether plaintiff is entitled to disability insurance benefits is whether the Secretary's final decision that plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence.

To be disabled within the meaning of the Act, a claimant must be unable "to engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period" of at least twelve months. 42 U.S.C. § 423(d)(1)(A). To qualify for disability benefits, the evidence must show that plaintiff is unable to engage in any kind of substantial gainful work which exists in significant numbers either in the region where plaintiff lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A).

█ Applying these standards to all the evidence in the record, in the Court's view, there is not substantial evidence to support the Secretary's finding that plaintiff was not disabled.

The testimony and medical reports all show that plaintiff, due to his emphysema and asthma, was unable to work at his former job hauling gravel in a dump truck

for a construction company. The pollutants in the air on such a job would aggravate plaintiff's respiratory ailments.

■ Once plaintiff established a prima facie case of disability by proving that he was unable to work at his former job, the burden shifted to the Secretary to establish that he could perform a specific job which exists in the national economy. *Wyatt v. Weinberger,* 519 F.2d 1285, 1287 (4th Cir. 1975).

The ALJ stated that his conclusion that plaintiff did not suffer from shortness of breath or chest pain of such severity as to preclude plaintiff from working at the jobs listed by the vocational expert was "based on credibility and the greater weight of medical evidence." The only medical evidence which the ALJ relied upon was the report by Dr. Ray. The medical findings and opinion of Dr. Ray is the only evidence of record which is even arguably supportive of the ALJ's decision.

■ Although noting that plaintiff suffered a fairly severe impairment of ventilatory function, Dr. Ray did state that plaintiff could sit for eight hours and could engage in light work activity. To determine whether the decision of the Secretary is based upon substantial evidence, however, this court may not look solely to this evidence, but must also take into account whatever in the record fairly detracts from its weight. *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969).

■ The record in this case is replete with evidence which detracts from the Secretary's final decision that plaintiff was not disabled. Plaintiff's testimony that he suffered from shortness of breath upon walking short distances and from chest and back pain simply upon breathing was uncontradicted. Such subjective evidence was entitled to great weight, especially when uncontradicted in the record. *Combs v. Weinberger,* 501 F.2d 1361, 1362–1363 (4th Cir. 1974). Furthermore, plaintiff's caseworker corroborated his testimony.

Dr. Parker, who had been treating plaintiff for three years, stated unequivocally in two different reports that plaintiff was disabled from engaging in any gainful employment whatsoever. ". . . [T]he opinion of a claimant's treating physician is entitled to great weight, for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Vitek v. Finch, supra,* 438 F.2d at 1160.

Nor is this court convinced that the findings of Dr. Ray are necessarily inconsistent with a determination of disability. Dr. Ray noted in his report that plaintiff had appeared to be short of breath after merely dressing and walking at a normal pace for 50 yards. This observation corroborated plaintiff's testimony at the hearing that "sometime I can't even walk to the bathroom, and the bathroom's next to my bedroom . . . ." This indeed could be indicative that plaintiff would experience pain and shortness of breath upon light activity, a condition which the vocational expert deemed would preclude plaintiff from performing any type of substantial gainful activity.

Neither is Dr. Ray's assertion that plaintiff "will have to limit his physical activity to light work" necessarily supportive of a finding that plaintiff could engage in substantial work activity. Dr. Ray nowhere in his report states that plaintiff could perform light work over an eight hour day. Dr. Ray's statement therefore does not preclude the possibility that plaintiff could perform light work for only a few hours a day or only on an intermittent basis. "The ability to work only a few hours a day or to work only on an intermittent basis is not the ability to engage in 'substantial gainful activity'". *Cornett v. Califano,* 590 F.2d 91, 94 (4th Cir. 1978).

The vast weight of the evidence of record shows that plaintiff was disabled within the meaning of 42 U.S.C. § 423(d). Because the Secretary's decision that plaintiff is not disabled is not supported by substantial evidence, the decision shall be reversed and remanded to the Secretary with instructions to award plaintiff disability insurance benefits in accordance with this memorandum.

Plaintiff also applied with the Secretary for supplemental security income benefits. To be eligible for supplemental security income benefits, plaintiff must satisfy two statutory requirements. First, he must be aged, blind, or disabled, as defined in 42 U.S.C. § 1382c, and second, he may not have had income of more than $1,752 for the calendar year (other than income excluded under 42 U.S.C. § 1382f) or resources of more than $1,500 (other than resources excluded under 42 U.S.C. § 1382b(a)). *See* 42 U.S.C. § 1382(a)(1). The definitions of disability, for benefit eligibility purposes, are substantially identical both in the subchapter on supplemental security income and in the subchapter on disability insurance benefits. *Cf.,* 42 U.S.C. § 1382c(a)(3) with 42 U.S.C. § 423(d).

Because this court has found plaintiff to be disabled, the only remaining issue as to his eligibility for supplemental security income benefits is whether he met the income and resource requirements of 42 U.S.C. § 1382(a)(1). The Secretary made no findings as to plaintiff's income and resources because his determination that plaintiff did not meet the first statutory requirement, that is, his finding that plaintiff was not disabled, by itself made plaintiff ineligible for supplemental security income benefits and thus made unnecessary any further inquiry. Upon remand, the Secretary shall be directed to determine if, at the time plaintiff filed his application or at any time subsequent thereto, plaintiff satisfied the income and resource requirements of 42 U.S.C. § 1382(a)(1) and therefore qualified for supplemental security income benefits.