**Sandra Kaye LEE, Respondent,**

v.

**Wayne YSTEBO, Appellant.**

**No. C7-84-263.**

Court of Appeals of Minnesota.

Aug. 21, 1984.

David J. Hauser, Otter Tail Asst. County Atty., Fergus Falls, for respondent.

Kenneth J. Kludt, Kludt & Parise, Ltd., Moorhead, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal is on a child support award included in a judgment under the parentage act. Appellant contends the award is improperly based on public assistance payments he receives. We affirm.

### FACTS

The parties are parents of a child born outside of marriage in January, 1983. Respondent earns monthly income of $840 but the trial court found her needs, including those of the child, were more than $1,000 per month.

The judgment requires appellant, a college student, to make $100 per month child support payments, commencing in November, 1983. The only trial court finding bearing on the amount of the award recites earnings and other receipts of appellant as follows:

a. Approximately $403 per month earnings as a musician in a band.

b. $325 per month AFDC payments. Appellant has custody of two children of a dissolved marriage.

c. Approximately $35.00 per month food stamps.

d. $150 per month child care benefits.

e. Approximately $143 per month for an educational grant.

f. $100 per month rent reduction benefits under a government program.

### ISSUE

Does the evidence reasonably support the view of the trial court on appellant's ability to pay child support?

### ANALYSIS

■ The trial court order for judgment makes no mention of child support guidelines in effect when the case was decided. Minn.Stat. § 518.551 (Supp.1983). The guidelines apply to parentage cases, Minn. Stat. § 257.66(3) (Supp.1983), and they apply in spite of the fact that respondent receives no public assistance. Minn.Stat. § 518.17(5) (Supp.1983); *Letourneau v. Letourneau,* 350 N.W.2d 476 (Minn.Ct.App. 1984). Appellant contends the court applied the guidelines and counted as part of his "net income" (§ 518.551(5)) the public assistance benefits paid for him and for children in his custody.

The record fails to disclose how the guidelines were viewed by the trial court. It is clear that they were not mechanically applied with regard for all benefits received by appellant. His earnings and other benefits total approximately $1,156 per month and treatment of the items as income under the guidelines would have produced a support award of $289 per month.

■ The trial court had ample cause to determine support without regard to the guidelines. As appellant asserts, special

purpose benefits (day care, additional grants, reduced rent, AFDC, and food stamps) are not income. Furthermore, the guidelines "take into consideration" the "basic living needs of the obligor" and cannot be used sensibly where many of the obligor's assumed needs are eliminated by special assistance payments. Minn.Stat. § 518.551(5)(a)(2) (Supp.1983). In special circumstances of this kind the court may depart from the guidelines, § 518.551(5)(e) (Supp.1983), and support must be determined by considering factors stated in Minn.Stat. § 518.17(4) (Supp.1983)[1]

What remains is a question whether evidence supports the apparent trial court finding that appellant had resources sufficient to pay $100 per month.[2] Unless clearly erroneous that finding must stand. Rule 52.01, Minn.R.Civ.P.

We conclude the trial court's finding is reasonably sustained by the evidence, having regard for the minimal support payment demanded, appellant's significant earnings, and the quantity of needs of appellant that are met through special benefit programs.

Appellant contends it is unlawful, "irrational and against public policy" to allow enforcement of a child support obligation owed by one whose primary family income is from public welfare funds. The law does not so provide. Appellant's argu-

ment is on a subject left to the discretion of the trial court.

Similarly, appellant argues that he has been denied the same protection of the law afforded other welfare recipients who have no similar support obligations. This argument assumes that welfare payments are the sole source of appellant's income and the contention is without merit.

Finally, appellant contends the trial court erred by including mandatory wage withholding and cost-of-living language in the support order. Appellant envisions enforcement actions aimed at public welfare benefits. The statutory enforcement provisions apply to wages and specified receipts other than the kinds of public assistance received by appellant.

## DECISION

There is adequate evidence to sustain a finding that appellant can pay $100 per month child support.

Affirmed.

---

1. The court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
   (a) The financial resources and needs of the child;
   (b) The financial resources and needs of the custodial parent;
   (c) The standard of living the child would have enjoyed had the marriage not been dissolved;
   (d) The physical and emotional condition of the child, and his educational needs; and
   (e) The financial resources and needs of the noncustodial parent.

2. Although there is no specific trial court finding on appellant's ability to pay, we must have examined the record to determine whether there is a sufficient factual basis to support the trial court's decision. *See Roberson v. Roberson,* 296 Minn. 476, 206 N.W.2d 347 (1973).