In re the Marriage of Twilla
SWALSTAD, petitioner,
Respondent,

v.

Allan SWALSTAD, Appellant.

No. CX–86–746.

Court of Appeals of Minnesota.

Oct. 28, 1986.

Wayne H. Swanson, Polk Co. Atty., Cynthia E. Ostlie, Asst. Co. Atty., Crookston, for respondent.

George E. Duis, Michael C. O'Neel, Fargo, N.D., (Local Counsel), for appellant.

Considered and decided by FOLEY, P.J., and SEDGWICK and FORSBERG, JJ., with oral argument waived.

## MEMORANDUM OPINION

FORSBERG, Judge.

This appeal is from an order reducing but not terminating appellant's support obligation following a partial change in custody of the children of the marriage. We affirm.

## FACTS

Appellant Allan and respondent Twilla Swalstad have four children. Their marriage was dissolved in 1977. Respondent was granted custody of the four children. Based on the stipulation of the parties, the decree ordered appellant to pay $600 per month child support.

At the time of the dissolution, the Swalstads owned a farm which was in financial difficulty. Following entry of the decree, there was a foreclosure on the farm assets. Despite the sale of these assets at auction, appellant, who had been ordered to pay the marital debts, was left with state and federal tax obligations. He moved for, and was granted, a temporary reduction in child support and alimony.

Appellant obtained employment as a janitor, and remarried. His wife is employed. At the time of the hearing, respondent was not receiving AFDC, but was living off a small inheritance and food stamps prior to returning to AFDC when the inheritance was exhausted. She has managed to obtain only occasional temporary employment.

In 1985, appellant moved for a change in custody and a termination of child support. The court ordered the two oldest children placed in appellant's custody but did not terminate or reduce child support.

In 1986, appellant again moved for a modification of child support, based on the change in custody and an inability to pay support as ordered. The trial court ordered support terminated for the two children in appellant's custody, but retained the previous support level of $150 per month per child for the other two children.

## DECISION

The trial court granted appellant's motion insofar as it terminated support for the children placed in his custody. Respondent does not seek review of this modification of support.

Appellant failed to show a change of circumstances making the support order as to the other two children unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1984). As the trial court noted, there is no record of the parties' financial circumstances in 1977, when they stipulated to the support figure. If anything, appellant's financial circumstances have improved. While having custody of two children increases his expenses, he will no longer pay child support for them.

A further reduction of support would in effect have placed a greater burden of support on respondent, whose financial resources, other than a small inheritance she is required first to exhaust, are limited to government assistance. Such benefits are not "income" for purposes of the child support guidelines. *Lee v. Ystebo*, 353 N.W.2d 264, 265–66 (Minn.Ct.App. 1984). The trial court was not required to order her to pay support for the children no longer in her custody, and there was no abuse of discretion in failing to do so. *See* Minn.Stat. § 518.17, subd. 4 (1984); *cf. Lee v. Ystebo*, 353 N.W.2d at 266 (obligor who had significant earnings in addition to pub-

lic assistance properly ordered to pay support). She does not have resources exceeding the needs of herself and the children in her custody. *Cf. Linderman v. Linderman,* 364 N.W.2d 872, 875 (Minn.Ct.App. 1985) (where parents split custody, wife with excess resources was required to be sole support of children in her custody).

The trial court did not abuse its discretion in declining to further reduce or eliminate support.

Affirmed.