940 F.2d 1182
 34 Soc.Sec.Rep.Ser. 320, Unempl.Ins.Rep. CCH 16165A
Thomas KING; John Wolfin; Gregory Crytes; Jeremiah Baker;
Jimmy Bailey Rogers; Claude Skiles; Joseph N.
Whitfield, Appellants,
v.
Keith SCHAFER, Director of Mental Health, State of Missouri, Appellee.
 No. 90-2652EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 10, 1991.
Decided Aug. 5, 1991.
Rehearing and Rehearing en banc Denied Sept. 17, 1991.
 
 David O. Fischer, St. Louis, Mo., for appellants.
 Lee B. Vardell, Jefferson City, Mo., for appellee.
 Before ARNOLD and BEAM, Circuit Judges, and HANSON,* Senior District Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Seven patients involuntarily committed to the care and custody of the Missouri Department of Mental Health appeal the District Court's order granting summary judgment to the Director of Mental Health. Crytes v. Schafer, 743 F.Supp. 677 (E.D.Mo.1990). In dispute is whether the Department's practice of using the patients' social security benefits to pay the costs of their care and treatment violates federal law. We affirm in part and reverse in part.
 
 
 2
 The parties stipulated to the following facts. Each of the plaintiffs was involuntarily committed to the care and custody of the Director of Mental Health after being found not guilty of crimes by reason of "mental disease or defect." Mo.Rev.Stat. Sec. 552.040. Each has been determined to be disabled by the Social Security Administration due to mental illness, and each receives monthly social security benefits. None of the plaintiffs directly receives these benefits. Pursuant to 42 U.S.C. Sec. 405(j) and 20 C.F.R. Sec. 404.2010 (1991), representative payees receive plaintiffs' benefits on their behalf. Missouri state mental-health institutions serve as the representative payees for five of the plaintiffs--Crytes, Rogers, Skiles, Whitfield, and Wolfin. Family members act as the representative payees for plaintiffs King and Baker.
 
 
 3
 Under Missouri law, the plaintiffs and their representative payees are jointly and severally liable for the costs of the plaintiffs' care and treatment. See Mo.Rev.Stat. Secs. 552.080.3, 630.205.1. Accordingly, the state institutions acting as the representative payees for five of the plaintiffs apply the funds they receive on plaintiffs' behalf to monthly charges billed by the Department for care and treatment. Pursuant to Social Security Administration guidelines, thirty dollars of each patient's monthly benefits is available for personal expenses. If the patients want more than thirty dollars in one month for expenses they can request an additional amount from their benefits. Such requests have never been denied.
 
 
 4
 The other two representative payees are billed by the Department of Mental Health for their relatives' care. The Department has sent these payees letters advising them that if they ever refuse to pay the charges, the Department will bring legal action against them and seize their state income tax refunds to satisfy the debt. Both payees have paid the Department some benefits since receiving the letters. The Department has not, however, brought any legal action against the payees to recover payment for care and treatment provided by it. Counsel for the Department told us at the oral argument that his client never had any real intention to bring such an action.
 
 
 5
 The plaintiffs brought this action to enjoin the Department's practice of using their social security benefits to pay for their care and treatment.[1] They contend this practice violates a provision of the Social Security Act, 42 U.S.C. Sec. 407(a), which reads as follows:
 
 
 6
 The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
 
 
 7
 The plaintiffs who have family members as their representative payees assert that the threat of legal action against their payees is "other legal process" prohibited by this provision. The plaintiffs who have Department institutions as their payees claim that the Department's simultaneous role as both creditor and payee puts it in the position of a preferred creditor,[2] a position disallowed by decisions of the Supreme Court. The District Court decided the case on cross-motions for summary judgment, and rejected the plaintiffs' contentions. This appeal followed.
 
 
 8
 As a preliminary matter, we note that Sec. 407(a) applies to any creditor, including the state. Moreover, by virtue of the Supremacy Clause, the protection of Sec. 407(a) must prevail over any conflicting actions authorized by state law. See, e.g., Philpott v. Essex County Welfare Board, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). With these propositions in mind, we turn to an analysis of plaintiffs' claims.
 
 
 9
 We review the claims of the two groups of plaintiffs separately, for we believe the factual differences in their situations make a legal difference. We consider the claims of plaintiffs King and Baker--who have family members as representative payees--first. We hold that the term "other legal process" in Sec. 407(a) includes the threat of legal process the Department used here. It is true that the Department never actually sued King's and Baker's payees, or withheld their state income tax refunds to get the social security benefits. The Department nevertheless told the payees it had the power to sue, or to have their refunds withheld, even though it admits it knew these actions were prohibited by Sec. 407(a). What the state cannot do, it cannot threaten to do. Moore v. Colautti, 483 F.Supp. 357, 368 (E.D.Pa.1979), aff'd, 633 F.2d 210 (3d Cir.1980). We therefore reverse the judgment of the District Court with respect to plaintiffs King and Baker.
 
 
 10
 The claims raised by the remaining five plaintiffs--those with the Department as their representative payee--require a more extended analysis. They concede that federal regulations allow the Department to serve as their representative payee and permit it to use their benefits to pay for their care and treatment. 20 C.F.R. Secs. 404.2021(a)(3), 404.2040(a)-(b) (1991). And they do not challenge these regulations. They argue, however, that the Department's application to be appointed a representative payee is a form of "other legal process" prohibited by Sec. 407(a). Moreover, they claim that the resulting arrangement puts the Department in the position of a preferred creditor contrary to the Supreme Court's decisions in Philpott, supra, and Bennett v. Arkansas, 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988) (per curiam). We reject both contentions and therefore affirm as to this group of plaintiffs.
 
 
 11
 We cannot agree with the plaintiffs that the Department's participation in the administrative proceeding to become a representative payee is the kind of coercive legal process envisioned by Sec. 407(a). If we were to accept the plaintiffs' argument on this point, then no entity could apply to be a representative payee because the application would be barred by Sec. 407(a) as "other legal process." We cannot believe Congress contemplated this result in enacting Sec. 407(a), particularly when this result would be contrary to another provision of the Social Security Act: Sec. 405(j), providing for the appointment of representative payees. Moreover, plaintiffs' admission that the Department is often the only party able to serve as a representative payee for beneficiaries in their position reveals the illogic of this argument.
 
 
 12
 Our conclusion that the Department's appointment as representative payee is not the result of "other legal process" compels us to reject plaintiffs' claim that the Department's actions are impermissible under Supreme Court precedent. Both Philpott and Bennett, upon which plaintiffs rely, are distinguishable. In Bennett, a case involving prisoners, the Court held that there was no implied exception to Sec. 407(a) that would allow a state to attach social security benefits simply because the state provided care and maintenance. Similarly, in Philpott, the Court held that Sec. 407(a) prohibited suit by the State of New Jersey to reach an individual's social security benefits. In both cases, states attempted to reach the social security moneys in ways expressly prohibited by Sec. 407(a). Here, however, as we have held, the Department did not impermissibly use "other legal process" to reach the plaintiffs' funds. Section 407(a) was not intended to outlaw a procedure expressly authorized by the Social Security Administration's own regulations.
 
 
 13
 Perhaps, as plaintiffs argue, the Department here is in a position akin to that of a preferred creditor. This situation, however, is not created by improper legal process or the Department's assertion of an implied exemption from Sec. 407(a). Cf. Philpott, 409 U.S. at 416, 93 S.Ct. at 592. Rather, the Department is in a preferred position by virtue of its appointment as a representative payee--an appointment allowed by federal regulations, which the plaintiffs do not claim are contrary to statute or invalid for any other reason.
 
 
 14
 Labelling the Department a preferred creditor is something of a misnomer at any rate. For one thing, under federal regulations, the patients receive notice of and may object to the Department's appointment as representative payee. 20 C.F.R. Sec. 404.2030 (1991). Thus, the patients have, in effect, the ability to safeguard their own benefits. And secondly, the Department provides a minimum of thirty dollars a month to the plaintiffs from their benefits for personal expenses. This practice is consistent with Social Security Administration guidelines and indicates that payment of the Department's monthly charges does not take precedence over the plaintiffs' other, personal expenses. Plaintiffs may ask for more money, and no such request has ever been turned down.
 
 
 15
 In sum, we affirm the District Court's grant of summary judgment to the Director of Mental Health with respect to those patients who have state institutions as their representative payees. We reverse, however, with respect to those patients who have family members as their representative payees. Accordingly, we remand the case to the District Court for further proceedings consistent with this opinion.
 
 
 16
 It is so ordered.
 
 
 17
 BEAM, Circuit Judge, concurring and dissenting.
 
 
 18
 In my view, Bennett v. Arkansas, 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988) (per curiam) controls the outcome of this case. I would, accordingly, reverse the judgment of the district court as to all plaintiffs and remand for further proceedings.
 
 
 
 *
 The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation
 
 
 [1]
 The plaintiffs initially sought both injunctive and monetary relief. At oral argument, however, their attorney stated that they were now seeking only injunctive relief
 
 
 [2]
 Plaintiffs also claim this practice violates state trust law. We express no opinion on this issue, because the Eleventh Amendment deprives us of jurisdiction to enforce state law by injunction against state officials or agencies. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Our decision is without prejudice to any claims plaintiffs may pursue in state court under state law