**Joddie C. GILBERTSON and County of Clay, Respondents,**

v.

**Terry GRAFF, Appellant.**

**No. CX–91–437.**

Court of Appeals of Minnesota.

Nov. 26, 1991.

---

Robert J. Schaefer, Clay County Atty., Scott G. Collins, Asst. County Atty., Moorhead, for respondents.

Terry A. Graff, pro se.

Considered and decided by HUSPENI, P.J., PETERSON and THOREEN,* JJ.

## OPINION

PETERSON, Judge.

Terry Graff appeals from an order denying his motion to suspend child support payments and his motion for forgiveness of child support arrearages. We affirm in

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

part, reverse in part, and remand for redetermination of child support.

## FACTS

On October 24, 1990 Joddie served on Terry an order to show cause why he should not be held in contempt for failing to pay $1,295 in child support from March 1990 to October 1990. Terry responded with a motion to suspend child support, and the matters were referred to an administrative law judge pursuant to Minn.Stat. § 518.551, subd. 10 (1990).

The administrative law judge conducted a hearing at which both parties appeared and testified. Terry testified that he suffered from a physically debilitating disease that caused him to quit his job. Terry testified his only hope of obtaining gainful employment was attending law school and practicing as a lawyer. Accordingly, Terry took out a student loan and enrolled at William Mitchell College of Law. Terry testified that his sole sources of income were general assistance and excess student loan money.

The administrative law judge denied Terry's motion to suspend child support payments. However, the judge concluded that Terry had proven a substantial decrease in income and that child support should be reduced from $336 to $100 per month. The judge denied Terry's motion to forgive arrearages and entered judgment against Terry in the amount of $1,295. The contempt issue was not addressed. This appeal followed.

## ISSUES

I. Are general assistance benefits considered income for the purpose of determining child support?

II. Are excess proceeds from student loans considered income for the purpose of determining child support?

III. May a trial court consider the earning capacity of a child support obligor in the absence of evidence showing that income is unjustifiably self-limited?

IV. May an obligor be forgiven child support arrearages that accrue prior to the time the obligor served his motion to modify child support?

## ANALYSIS

The decision to modify a child support order lies within the broad and sound discretion of the trial court, and an appellate court may reverse only where it finds a clearly erroneous conclusion that is against logic and the facts on record. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). However, the trial court's discretion must be exercised within the limits set by the legislature. *Id.* Once the trial court determines that a substantial change of circumstances has occurred that makes the original order unreasonable or unfair, the court must determine the amount of the modification based on the child support guidelines, the needs of the children, and the financial situation of the parties as set forth in Minn.Stat. § 518.551, subd. 5. *Id.*

In this case, the parties do not dispute that Terry's income has substantially decreased and that the original support obligation should be modified. The only question for this court is whether the administrative law judge properly set the modified obligation at $100 per month.

### I.

Terry argues that the judge erroneously calculated his net monthly income. Although the judge did not expressly determine Terry's net monthly income, the judge did find that Terry "receives the sum of $73 per month in general assistance and $232 per month from his school loan." Terry argues that general assistance should not be counted as income for child support. We agree. *See* Minn.Stat. § 518.54 subd. 6 (1990) (income does not include benefits received under general assistance act); *Swalstad v. Swalstad*, 394 N.W.2d 856, 857 (Minn.App.1986) (general assistance benefits are not income under the guidelines).

### II.

Terry also argues the money he receives from student loans is not income. Terry admits that the amount the judge included

as income was the amount he receives each month *after* he has paid for tuition and books. This income is not dedicated to the expenses of his education, but to the expenses of daily living.

The excess student loan proceeds are a periodic and reliable source of income. *See* Minn.Stat. § 518.54, subd. 6 (income defined as any form of periodic payment to an individual); *Thompson v. Newman*, 383 N.W.2d 713, 716 (Minn.App. 1986) (receipt of rent payments was income); *Stangel v. Stangel*, 366 N.W.2d 747, 749 (Minn.App.1985) (loans from friends were neither periodic, nor reliable enough to be considered income). If Terry and Joddie were living in the same household, they could depend on receiving the excess proceeds as much as Terry does now. As such, that amount is income, and the judge properly included the amount in determining Terry's net income.

### III.

The judge made no findings with respect to the child support guidelines. The guidelines do not state a child support percentage for net monthly incomes less than $400. The guidelines simply require that an obligor earning less than $400 per month pay based on his or her ability to pay or his or her ability to earn. Minn. Stat. § 518.551, subd. 5. The judge did find that Terry suffers from a serious medical problem, but made no finding on Terry's ability to pay or his ability to earn.

If the judge considered only Terry's ability to pay, application of the guidelines would result in a monthly obligation far less than that set by the judge. The present obligation, $100, is nearly equal to 33% of the highest calculation of Terry's net monthly income, $305. The guidelines do not reach this percentage until the $901–950 net monthly income range.

If the judge considered Terry's ability to earn in setting the support obligation above the guideline amount, the findings necessary to support such a departure were not made. The obligor's earning capacity may not be considered as a stan-

dard for setting child support unless the obligor's actual income is unjustifiably self-limited. *Johnson v. O'Neill*, 461 N.W.2d 507, 508 (Minn.App.1990). In determining whether voluntarily decreased income is justifiable, a trial court must make findings on the obligor's subjective intent in choosing a course of action that created the financial hardship. *Giesner v. Giesner*, 319 N.W.2d 718, 720 (Minn.1982).

The judge did find that Terry suffered from a serious medical problem, but made no finding that Terry used his condition to unjustifiably limit his income. Presumably, the judge reduced Terry's obligation because of financial difficulty caused by his medical problems. But, as Terry argues, the reduction to $100 per month actually constitutes a greater percentage of his present income (about 43%) than the percentage he paid out of his previous income (about 34%). There may be good reasons why the judge chose $100, but the reasons do not appear in the order, and an independent review of the record does not indicate that the figure was arrived at using statutory factors.

### IV.

Finally, Terry argues that the judge should have forgiven the unpaid child support that accrued before he brought his motion to suspend child support. Forgiveness of unpaid child support is a retroactive modification of child support governed by Minn.Stat. § 518.64, subd. 2. *Darcy v. Darcy*, 455 N.W.2d 518, 524–25 (Minn.App. 1990) (quotations and citations omitted). A modification of child support may only be retroactive with respect to the period of time between the service of a motion for reduction and the determination of the motion. Minn.Stat. § 518.64 (1990). The judge properly denied Terry's motion for forgiveness of unpaid child support that accrued before Terry served his motion to suspend child support.

### DECISION

The administrative law judge erred in calculating Terry's net monthly income. In addition, the judge made no findings to

support the modification to $100 per month. Accordingly, the portion of the order denying Terry's motion to suspend child support is reversed, and the cause is remanded for redetermination of child support in accordance with the requirements set forth in this opinion. The portion of the order denying Terry's motion for forgiveness of arrears is affirmed.

Affirmed in part, reversed in part, and remanded.