**Royal D. ROSS, Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION; John Doe, all Superintendents at Fulton State Hospital, St. Joseph Hospital, St. Louis Hospital, Farmington State Hospital & Nevada State Hospital, Appellees.**

No. 90–2697.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Nov. 26, 1991.

Thomas Bellman, Kansas City, Mo., for appellant.

Susan Turner, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Royal D. Ross, a state mental health patient, appeals from the judgment of the District Court for the Western District of Missouri dismissing as frivolous, pursuant to 28 U.S.C. § 1915(d), his 42 U.S.C. § 1983 complaint. Ross claimed that the Social Security Administration (SSA) was improperly paying his social security benefits to the state hospital as representative payee and that the hospital denied his requests for a larger monthly portion of his benefits. We reverse and remand for further proceedings.

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). The standard of review for dismissals under 28 U.S.C. § 1915(d) is abuse of discretion. *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.) (per curiam), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46

L.Ed.2d 129 (1975). Abuse of discretion occurs if a complaint is dismissed, and the complainant could have proved any set of facts entitling the complainant to relief. *Nash v. Black,* 781 F.2d 665, 668 (8th Cir. 1986). Pro se complaints are entitled to a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam).

We disagree with the district court's reasoning that because Ross could not prevail under the Second Circuit's holding in *Fetterusso v. New York,* 898 F.2d 322 (2d Cir.1990) (*Fetterusso*), the case should be dismissed as frivolous under section 1915(d). The Second Circuit's holding in *Fetterusso* is not precedent in this circuit, and in any event, *Fetterusso* is distinguishable and does not address many of the claims Ross has asserted. We believe that there is an arguable basis in law and fact with regard to Ross's claim challenging the constitutionality of the hospital's refusal to pay him a greater portion of his social security benefits.

In *King v. Schafer,* 940 F.2d 1182 (8th Cir.1991), we recently considered whether the Missouri Department of Mental Health's practice of using patients' social security benefits to pay their hospitalization costs violated federal law. We held that the Department violated 42 U.S.C. § 407(a) only where the representative payee was a family member, not where the payee was a state mental health institution. *Id.* at 940 F.2d 1186. In considering the claims where the representative payees were state institutions, we noted that "[p]ursuant to [SSA] guidelines, thirty dollars of each patient's monthly benefits is available for personal expenses. If the patients want more than thirty dollars in one month for expenses they can request an additional amount from their benefits. Such requests have never been denied." *Id.* at 1184. We further stated that the Department's practice of providing a minimum of thirty dollars a month "is consistent with [SSA] guidelines and indicates that payment of the Department's monthly charges does not take precedence over the plaintiffs' other, personal expenses. Plain-

tiffs may ask for more money, and no such request has ever been turned down." *Id.* at 1186.

In the case at bar, Ross alleged that he was not receiving enough money to buy necessities. He also alleged that he requested the hospital to pay his attorney's fees, that the hospital refused, and that as a result, he failed to obtain a conditional release and is unable to retain counsel in other matters. These allegations have an arguable basis in law and fact. Moreover, we note that the district court did not address Ross's claims of hospital "double-dipping" with regard to his medicare/medicaid and social security benefits, and inadequate medical attention, which, when liberally construed, may state constitutional claims. Last, contrary to the district court's finding that Ross failed to name an SSA individual as a defendant, Ross did name "Gwendelon King[,] Supervisor of the Department of Social Security." Complaint at 2. We conclude that the district court abused its discretion in dismissing Ross's complaint as frivolous under section 1915(d).

Accordingly, the district court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion. The district court is instructed to appoint counsel for Ross, to require service of process on all defendants, and to process this case under the Federal Rules of Civil Procedure. *See Williams v. White,* 897 F.2d 942, 944 n. 1 (8th Cir.1990) (complaints provisionally filed under § 1915 should be immediately reviewed for possible dismissal under section 1915(d) before service of process on respondent); *Whitman v. Carbone,* No. 90–3029, slip op. at 4 & n. 1 (8th Cir. June 25, 1991) (unpublished).