BECKER COUNTY HUMAN SERVICES,
RE BECKER COUNTY FOSTER
CARE, Petitioner, Respondent,

v.

Edith PEPPEL, Appellant.

No. C1–92–675.

Court of Appeals of Minnesota.

Dec. 8, 1992.

John E. Pearson, Becker County Atty., Detroit Lakes, for petitioner, respondent.

Steven Hirsh, Paul Gerard Thibeault, Anishinabe Legal Services, Cass Lake, for appellant.

Considered and decided by NORTON, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

NORTON, Judge.

Appellant challenges a trial court order requiring her to spend part of her Supplementary Security Income (SSI) benefits on child support payments. We reverse, holding that federal law precludes requiring SSI recipients to use their benefits for child support. We also agree with appellant that Minnesota law precludes such action.

## FACTS

Edith Peppel is a disabled alcoholic whose sole income is Supplemental Security Income (SSI) benefits. Peppel has two minor children currently under the foster care of Becker County. Becker County has to date paid more than $30,000 caring for Peppel's children.

On July 17, 1991, Becker County filed a motion seeking child support from Peppel in the amount of $69 per month. Peppel failed to attend the hearing because she was undergoing treatment for alcoholism, and the trial court granted the county's motion. The court entered judgment against Peppel on October 8, 1991 for $621 in child support arrearages and ongoing support of $69 per month. In determining the amount of child support Peppel was required to pay, the court considered the only source of income available to Peppel: her SSI benefits of $407 per month.

When Peppel returned from treatment, Becker County agreed to have the motion reheard. After a rehearing, the court entered an order affirming the judgment of October 8, 1992. The order contained no specific findings regarding Peppel's ability to pay child support, but stated that Peppel would be held in contempt if she failed to comply.

## ISSUES

I. Does federal law preclude requiring SSI recipients to spend their benefits for child support obligations?

II. Does Minnesota law preclude considering SSI benefits as income when determining child support obligations?

III. Did the trial court err in ordering Peppel to pay $621 in child support arrearages and $69 per month because she lacks the ability to pay such amounts?

## ANALYSIS

### I.

Whether federal law precludes requiring SSI recipients to spend their benefits for child support obligations is a question of law. Thus, we review the trial court's decision de novo. *County of Lake v. Courtney*, 451 N.W.2d 338, 340 (Minn. App.1990), *pet. for rev. denied* (Minn. Apr. 13, 1990).

SSI benefits are awarded pursuant to subchapter XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383d (1988). To be eligible for SSI benefits, a person must satisfy two statutory requirements: she must be aged, blind, or disabled; and she must have income below a certain amount.[1] *Patterson v. Califano*, 475 F.Supp. 578, 583 (E.D.Va.1979). SSI benefits are a form of public assistance and are unrelated to past earnings. They constitute a "safety net" to protect indigent persons. *Tennessee Dep't of Human Servs. ex rel. Young v. Young*, 802 S.W.2d 594, 597 (Tenn.1990).

---

1. An eligible person without an eligible spouse must have income below $3000 per year. 42 U.S.C. § 1382(a)(1), (a)(3)(A).

42 U.S.C. § 407(a) (1988) provides that "none of the moneys paid or payable * * * under [subchapter II] shall be subject to execution, levy, attachment, garnishment, or other legal process * * *." 42 U.S.C. § 1383(d)(1) extends section 407(a)'s protection to SSI benefits awarded pursuant to subchapter XVI.

The "legal process" language of section 407(a) is interpreted broadly. While a government agency's typical collection procedures may not violate section 407(a), *Fetterusso v. New York*, 898 F.2d 322, 328 (2nd Cir.1990); *Wyatt v. Commonwealth*, 75 Pa.Cmwlth. 347, 463 A.2d 64, 67 (1983), an implied or express threat of formal legal sanction constitutes a "legal process" within the meaning of section 407(a). *Moore v. Colautti*, 483 F.Supp. 357, 368 (E.D.Pa. 1979), *aff'd*, 633 F.2d 210 (3d Cir.1980). *Moore* was cited with approval by the Eighth Circuit Court of Appeals in *King v. Schafer*, 940 F.2d 1182, 1185 (8th Cir.1991).

Becker County District Court's threat to hold Peppel in contempt certainly qualifies as a legal process under section 407(a). It is virtually identical to the actions condemned in *Moore* and *King*.

In 1975, Congress, concerned especially over the increasing failure of parents to provide for their children, adopted a limited waiver of the protection afforded by section 407(a). 42 U.S.C. § 659(a) (1988) allows the use of legal processes to reach entitlements "based upon remuneration for employment" to ensure that alimony and child support payments are met.

Courts considering the meaning of "remuneration for employment" have reasoned that benefits received based upon the wages earned during employment are attachable pursuant to section 659(a). Thus, benefits received pursuant to subchapter II are attachable under section 659(a). *In re Marriage of Schonts*, 345 N.W.2d 145, 146–47 (Iowa Ct.App.1983); *Mariche v. Mariche*, 243 Kan. 547, 758 P.2d 745, 747–48 (1988).

The only case holding that SSI benefits are also attachable under section 659(a) is *Ex parte Griggs*, 435 So.2d 103, 104 (Ala. Civ.App.1983). There, the court reasoned that SSI benefits are designed to protect not only the recipient but also the recipient's family. The court noted that the interests of the recipient's family members are more important than those of general creditors. Thus, attachment of SSI benefits for the purpose of ensuring the payment of child support was allowed.

The more persuasive approach is found in *Tennessee Dep't of Human Servs. ex rel. Young v. Young*, 802 S.W.2d 594 (Tenn.1990). In *Young*, the court noted the crucial distinction between SSI benefits and normal (subchapter II) social security payments. While subchapter II benefits are awarded on the basis of past earnings, SSI benefits are awarded solely on the basis of need, and are designed to protect the recipient from poverty. *Id.* at 598. Thus, the amount of SSI benefits the recipient receives is the minimum amount necessary to protect him or her from poverty. *See also Whaley v. Schweiker*, 663 F.2d 871, 873 (9th Cir.1981); 20 C.F.R. § 416.110 (1991). It follows that any reduction in the amount of SSI benefits received would reduce the individual recipient's income below the "guaranteed minimum income level for aged, blind, and disabled persons." *Young*, 802 S.W.2d at 598.

In reaching its conclusion, the *Young* court noted that Congress implemented the SSI program "to provide a positive assurance that the nation's aged, blind, and disabled people would no longer have to subsist on below-poverty-level incomes." *Young*, 802 S.W.2d at 598 (quoting S.Rep. No. 92–1230, 92nd Cong., 2nd Sess. 384 (1972)). Congress also implemented Aid to Families with Dependent Children, a program which "offers welfare payments to families in which the father is dead, absent, disabled, or, at the state's option, unemployed." *Id.* (quoting S.Rep. No. 92–1230, 92nd Cong., 2nd Sess. 505 (1972)). The *Young* court inferred that Congress' omission of any language referring to "family" in the passages concerning SSI benefits indicated its view that SSI benefits are designed merely to protect the recipient. Other benefits (e.g., AFDC benefits) were

created by Congress for the purpose of providing for whole families.

We hold that SSI benefits remain protected by sections 407(a) and 1383(d)(1) from attachment. The exception stated in section 659(a) does not apply to SSI benefits received pursuant to subchapter XVI.

Becker County argues that neither section 407(a) nor section 659(a) applies in this case because it is merely attempting to require Peppel to expend some of the funds she has already received for child support. The authority cited for the legitimacy of this approach is *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), a case allowing attachment of veterans' benefits once in the hands of the veteran for the purpose of collecting child support.

This argument is contrary to the plain language of section 407(a), which forbids the use of a legal process to reach benefits "paid or payable." Moreover, respondent's use of *Rose* is inapposite because veterans' disability benefits are more similar to subchapter II benefits than SSI benefits. Both subchapter II benefits and veterans' benefits are received for time on the job. SSI benefits, by contrast, are awarded solely on the basis of need. Additionally, veterans' benefits are intended to "provide reasonable and adequate compensation for disabled veterans and their families," *Rose*, 481 U.S. at 630, 107 S.Ct. at 2036, while SSI benefits are awarded to protect only the recipient.

In short, the limited waiver provision of section 659(a) does not apply to SSI benefits. Thus, pursuant to sections 407(a) and 1383(d)(1), the court below erred in ordering Peppel to expend some of her benefits for child support.

## II.

■ Peppel also argues that Minnesota law precludes treating SSI benefits as income when setting child support payments. Child support is presumptively determined according to the guidelines contained in Minn.Stat. § 518.551, subd. 5 (Supp.1991); *see also Nicollet County v. Larson*, 421 N.W.2d 717, 721 (Minn.1988). Absent findings justifying a departure from them, the guidelines fix child support payments ac-

cording to the obligor's income and the number of children requiring support. *Id.* For purposes of determining child support, "income" is:

> any form of periodic payment to an individual including, but not limited to, wages, salaries * * *. *Benefits received under sections 256.72–256.87 and chapter 256D are not income* under this section.

Minn.Stat. § 518.54, subd. 6 (1990) (emphasis added). AFDC and general assistance benefits are received under sections 256.-72–.87 and chapter 256D. SSI benefits are not mentioned in these sections.

Peppel cites *Lee v. Ystebo*, 353 N.W.2d 264 (Minn.App.1984), to support her contention that SSI benefits should not be counted as income for child support purposes. There, we held that "special purpose benefits (daycare, additional grants, reduced rent, AFDC, and food stamps) are not income." *Id.* at 265–66.

Although resolution of the federal issue decides this case under the supremacy clause, we agree that our holding on the federal issue is consistent with *Lee*. SSI benefits are designed to provide for the minimum needs of the individual recipient, and should not be considered income for any other purpose.

## III.

■ Peppel also claims the trial court erred in finding that she has the ability to pay child support. A determination of net income for the purpose of calculating child support will be affirmed if it has a reasonable basis in fact. *Strauch v. Strauch*, 401 N.W.2d 444, 447 (Minn.App.1987).

Even assuming Peppel's $407 per month in SSI benefits to be income, the trial court erred in finding that she is able to pay $69 per month for child support. At the hearing, Peppel testified to the following monthly expenses:

| | |
|---|---|
| Rent | $200 |
| Cooking fuel | 10 |
| Transportation to treatment | 20 |
| Student loan | 85 |
| Food and household items | 150 |
| Clothing | 50 |
| Laundry | 25 |
| Total | $540 |

She also testified to outstanding medical bills totaling $614.

Minn.Stat. § 518.551, subd. 5 (Supp.1991) establishes guidelines for a trial court to consider when setting child support payments. Taking into account Peppel's monthly income and applying the guidelines strictly, as the trial court did, produces suggested monthly child support payments of $69/month. Subd. 5 states that the guidelines are binding unless the court makes express findings of fact to justify upward or downward departures therefrom.

Examining Peppel's monthly expenses shows that she has very little flexibility. Most of her expenses are absolutely essential, and even without any child support obligation, she has a running deficit of $133 per month. Thus, a downward departure from the guidelines was required.

██ Becker County argues that Peppel will have future income sufficient to pay $69 per month. This is purely speculative since Peppel is disabled. Moreover, future earning capacity is not an appropriate measure of income unless it is impracticable to determine an obligor's income or the actual income is unjustifiably self-limited. *County of Morrison v. Watland,* 448 N.W.2d 71, 74 (Minn.App.1989). Peppel's current income is known to be $407 per month.

## DECISION

The trial court's order requiring appellant to pay child support is reversed.

Reversed.