96

DAVID TODD, EXECUTOR

v.

ATTILIO ROMANO

November 4, 1988

*David P. Todd*, of Keene, Executor of the Jesse D. Todd Estate, by brief *pro se.*

*New Hampshire Legal Assistance*, of Claremont (*Sophie Sparrow* on the brief), by brief for the defendant.

BROCK, C.J. The plaintiff, executor of an estate, secured a judgment in Keene District Court (*Talbot*, J.) for money the defendant owed the decedent. The defendant failed to satisfy the judgment and challenged the court's periodic payment order, protesting that his social security benefits were exempt from legal process under 42 U.S.C. § 407(a), and that they were his sole asset. The trial court denied the defendant's motion to set aside the payment order. For the reasons that follow, we reverse the denial of defendant's motion and vacate the district court's periodic payment order.

In June, 1986, the plaintiff, executor of his father's estate, brought a small claims action in Keene District Court against the defendant, a seventy-six-year-old widower, for failure to repay the decedent for a series of personal loans. The court entered judgment for the plaintiff in October, 1986, and in May, 1987, granted plaintiff's motion for periodic payments of the outstanding $1,510, ordering the defendant to tender $15 monthly installments. In December, 1987, the district court ordered the defendant arrested for violating the payment order. The defendant moved to dismiss the payment and arrest orders, alleging that he possessed no assets or income other than his social security benefits which, he claimed, were exempt from execution. The court denied both motions and

ordered the defendant to satisfy the judgment in $5 monthly installments. After the defendant's motion for reconsideration was denied, he appealed to this court.

The defendant contends that because social security benefits are his only asset, the district court payment order violates 42 U.S.C. § 407(a). We agree.

The plaintiff has not challenged the fact that the defendant has neither assets nor a source of income other than his social security benefits; any funds used to satisfy the district court's order would have to come out of these benefits. The Social Security Act, however, exempts social security benefits from legal process:

> "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

42 U.S.C. § 407(a) (Supp. 1986).

The United States Supreme Court has held that the provision "imposes a broad bar against the use of any legal process to reach all social security benefits." *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 417 (1973). The statutory bar "is broad enough to include all claimants." *Philpott supra*. The Court recently reaffirmed the protection given social security recipients, stating: "Section 407(a) unambiguously rules out any attempt to attach Social Security benefits." *Bennett v. Arkansas*, 108 S. Ct. 1204, 1205 (1988).

The district court order executing the judgment against the defendant would require him to pay out his social security benefits in violation of the federal statute. Accordingly, we reverse, vacate the payment order, and remand.

*Reversed and remanded.*

All concurred.