In re FRONTIER AIRLINES, INC., Frontier Leaseco One, Inc., Frontier Leaseco Two, Inc., Frontier Holdings, Inc., Debtors.

FORMER FRONTIER PILOT LITIGATION STEERING COMMITTEE, INC., Appellant,

v.

FRONTIER AIRLINES, INC., Appellee.

Civ. A. No. 89–K–676.
Bankruptcy No. 86–B–8021–E.

United States District Court, D. Colorado.

Aug. 8, 1990.

Kenneth A.B. Roberts, Jr., Dean M. Larson, Bosworth & Towey, Denver, Colo., for Former Frontier Pilot Litigation Steering Comm.

John Edward Maas, Jacquelyn Kilmer, Carl A. Eklund, Faegre & Benson, Denver, Colo., for Frontier Airlines, Inc.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

The Former Frontier Pilot Litigation Steering Committee, Inc. (Committee) has appealed the bankruptcy court's order, dated April 7, 1989, confirming Frontier's Third Amended Plan of Reorganization (Plan). The Committee has listed three issues on appeal: (1) whether the Plan was proposed in good faith under § 1129(a)(3) of the Code "in light of the requirements of full and complete disclosure to employee groups placed on Debtors under Bankruptcy Code § 1113," (2) whether the bankruptcy court abused its discretion by refusing to hear evidence on good faith, (3) whether the court's refusal to hear this evidence contradicted its earlier ruling and was in error. Designation of Record and State-

ment of Issues on Appeal at 2–3. Frontier has filed a motion to dismiss this appeal. I grant the motion.

## I. *Background.*

Shortly after filing this appeal, the Committee moved for a stay pending the outcome of a related case in federal district court in New Jersey, *People Express Pilot Merger Committee v. Texas Air,* No. 87–1155 (D.N.J. Aug. 7, 1989). In *People Express,* pilots of People Express Airlines sought to compel Continental Airlines, which had acquired People Express, to arbitrate the seniority integration of People Express pilots into Continental pursuant to a Labor Protection Agreement (LPA). Upon learning of this litigation and the existence of the LPA, the Committee moved to intervene. The Committee argued that, because Frontier was a subsidiary of People Express Airlines, the LPA also governed the seniority integration of Frontier Pilots. The LPA's seniority integration terms were more favorable to Frontier pilots than those contained in a side letter to the Job Preservation and Litigation Settlement Agreement (JPA), which the Frontier pilots had agreed to during Frontier's reorganization. The New Jersey court took the Committee's motion to intervene under advisement. The Committee then requested a stay of this appeal pending the court's ruling on the motion to intervene, because "[i]f the New Jersey Court rules in favor of the Appellant, the relief sought in the Bankruptcy action which is the subject of this Appeal will, in great part, have been granted.... [and] all or part of this Appeal may become moot." Motion for Stay at 3.

The Committee's motion for stay reveals the essence of its arguments in this appeal. It contends that Frontier made fraudulent misrepresentations to the Committee and the bankruptcy court by failing to disclose and denying the existence of the more favorable LPA during the Committee's negotiations over seniority integration that resulted in the side letter to the JPA. Because of these misrepresentations, the Committee argues that Frontier's reorganization plan was proposed in bad faith and

that the bankruptcy court erred in refusing to hear its arguments to this effect.

The Committee has now withdrawn its motion for stay based on the New Jersey court's issuance of a final ruling in *People Express.* In that ruling, the court held that Continental was required to arbitrate the seniority integration of People Express pilots under the LPA. As to the Committee's intervention into that case, the court ruled:

The Frontier Pilots Litigation Steering Committee's participation in this arbitration shall be circumscribed by the Final Award of Arbitrator George Nicolau, dated June 15, 1987. FAL may not assert a position inconsistent with that Arbitration Award but shall, for the purposes of this arbitration, be deemed bound by that award. The Award of Arbitrator Nicolau is currently under appeal. In the event, at any time prior to the Final Arbitrator's Award in this matter, the decision of Arbitrator Nicolau shall be reversed or modified, any party may make application to this Court, on short notice, to consider the impact of that determination upon this arbitration proceeding.

Appellant's Pre–Hearing Submission, Exhibit at 1A.

As the New Jersey court's order shows, seniority integration of Frontier pilots has already been accomplished through arbitration pursuant to the JPA by virtue of the arbitration award of George Nicolau on June 15, 1987. The Committee has petitioned to vacate this arbitration award in Colorado state court. *See* Frontier Motion to Dismiss at 3. In withdrawing its motion for stay, the Committee contends that its appeal is not moot because the New Jersey court "failed to resolve the issue as to whether the LPA or the JPA is the operative document for the Appellant for the arbitration ordered by the New Jersey Court. The decision of that issue continues to be before the U.S. District Court for the District of Colorado in this appeal." Appellant's Pre–Hearing Submission at 4.

Although the Committee has withdrawn the motion for stay, Frontier's motion to

dismiss, filed in response to the Committee's argument in its motion for stay, is still pending. Frontier argues (1) that the Committee is improperly trying to attack collaterally the arbitration award in this proceeding, (2) that any misinformation as to the existence of the LPA has no bearing on the confirmation of the Plan, (3) that it is clear by the relief that the Committee has requested that its arguments relate to the bankruptcy court's approval of the JPA, which the Committee has not appealed, (4) that the appeal is moot because the Committee did not obtain a stay of the court's order confirming the Plan and it has been substantially consummated, and (5) that sanctions should be imposed against the Committee for prosecuting this frivolous appeal.

### II. Merits of Motion to Dismiss.

■ Frontier's arguments for dismissal have merit. As evidenced by statements in its motion for stay, the Committee's real dispute is with the bankruptcy court's order approving the JPA. In essence, the Committee argues that its acquiescence in the court's approval of the JPA was procured by Frontier's fraud in not disclosing and denying the existence of the LPA. Attempting to counter Frontier's argument that this appeal is moot because the Plan has been substantially consummated, the Committee states that it does not request that the order confirming the Plan be set aside, only that the court grant equitable relief by modifying the side letter to the JPA governing seniority integration, ordering new arbitration, and awarding the Committee damages. *See* Response to Appellee's Motion to Dismiss Appeal at 2. The Committee's statements with regard to the motion to dismiss and the motion to stay indicate that it is improperly trying to attack collaterally the bankruptcy court's or-

der approving the JPA, and that it is not really concerned with the good faith of the Plan.[1]

A nearly identical situation occurred in *California Department of Health Services v. United States Bankruptcy Court for the Central District of California (In re Community Hospital of the Valleys)*, 51 B.R. 231 (9th Cir. BAP 1985), *aff'd*, 820 F.2d 1097 (9th Cir.1987). In *Community Hospital*, a creditor appealed the bankruptcy court's order approving the trustee's plan of reorganization, arguing that the plan was not proposed in good faith and that the bankruptcy court erroneously failed to hear evidence to this effect. In considering the creditor's arguments on appeal, the bankruptcy appellate panel noted that, despite its claims to the contrary, the "heart" of the creditor's bad faith objection to the plan was that an earlier court-approved compromise agreement was unfair. *Id.* at 235. The panel held that the bankruptcy court had not abused its discretion in failing to entertain the creditor's evidence on bad faith, concluding that "under principles relating to the doctrines of res judicata, collateral estoppel, or "law of the case," it was proper for the trial court to preclude a re-examination of its order approving the trustee's compromise. *Id.* It then upheld the bankruptcy court's confirmation of the plan, even though it acknowledged that the compromise of the creditor's claim strongly affected the structure of the plan. *Id.* at 236.

■ Like *Community Hospital*, the bankruptcy court's approval of the JPA in this case was pursuant to its authority under Bankr.R. 9019 to approve a compromise or settlement. That order was entered on October 17, 1986, and the Committee did not appeal it or move to set it aside.

---

1. When a creditor objects to the confirmation of a reorganization plan as being proposed in bad faith, the question before the bankruptcy court is whether "'there is a reasonable likelihood that the plan will achieve its intended results which are consistent with the Bankruptcy Code, that is, is the plan feasible, practical, and [will] it enable the company to continue its business and pay its debts in accordance with the plan provisions.'" *Travelers Insurance Co. v. Pikes Peak Water Co. (In re Pikes Peak Water Co.)*, 779 F.2d 1456, 1459 (10th Cir.1985). A plan will not be confirmed where, for example, there is no realistic possibility of an effective reorganization and the debtor is merely seeking to delay the efforts of creditors to enforce their rights. *Id.* at 1460. None of the Committee's statements regarding its position in this appeal addresses these issues.

Hence, the Committee may not appeal the bankruptcy court's order confirming the plan as a way to attack collaterally the bankruptcy court's order approving the JPA.[2] Moreover, there is a good argument that this appeal should be dismissed as moot. Although a stay pending appeal of a confirmation order is not an absolute requirement, the appeal may be dismissed as moot when there has been such a comprehensive change in circumstances as to render the requested relief inequitable. *See Halliburton Serv. v. Crystal Oil Co. (In re Crystal Oil Co.)*, 854 F.2d 79, 82 (5th Cir. 1988). Frontier argues that a comprehensive change in circumstances has occurred because the Plan has been substantially consummated. Regardless, I follow the court's ruling in *Community Hospital* and hold that the Committee is precluded from rearguing the merits of the JPA in this appeal.[3]

As for Frontier's motion for sanctions, the Committee has made contradictory arguments in these proceedings, and appears to be using a scattershot approach to find a way to avoid the less favorable seniority terms of the side letter to the JPA. Its pleadings all but ignored the standard for good faith under § 1129(a)(3) of the Code, focusing instead on Frontier's conduct well before its plan was proposed. Even so, since I must accept the allegations of the Committee as true for the purposes of determining the motion to dismiss, I conclude that the basis for this appeal is neither frivolous nor in-

substantial. Getting lost in the procedural labyrinth of this case does not, in my view, justify the imposition of sanctions. The appeal is dismissed. Sanctions are denied.

---

**2.** There are circumstances in which the propriety of a proposed compromise or settlement is considered in connection with the confirmation of plan, but this is not one of them. A compromise or settlement of a claim "may be effected separately during the reorganization proceedings or in the body of the reorganization plan itself." *In re Texaco Inc.*, 84 B.R. 893, 901 (Bankr.S.D.N.Y.1988). When the compromise forms part of the reorganization plan, the court may approve the Plan only if it finds that the compromise contained therein is "fair and equitable." *See id.* When it is made during the earlier reorganization proceedings before the plan has been proposed, as in this case and in *Community Hospital,* the court must likewise consider whether the plan is fair, equitable and in the best interests of the estate. However, the court's ruling is a final order subject to the

normal appeal procedures. *See, e.g., Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),* 105 B.R. 971 (D.Colo.1989).

**3.** The Committee also argues that Frontier's motion to dismiss (with respect to the Committee's failure to raise issues relevant to confirmation of the Plan) "requires a determination of the substantive merits of the appeal, i.e., whether the Plan and its confirmation failed to comply with the good faith requirements of such a Plan." Appellant's Pre–Hearing Submission at 1–2. I disagree. Under *Community Hospital,* the Committee's arguments are barred by res judicata, collateral estoppel, or law-of-the-case, which are proper, non-merits reasons to dismiss the appeal.