UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30233
_____

In The Matter Of: LINDA V. MAYER,

Debtor.

LINDA VENUS MAYER,

Appellant,

v.

LOIS SHEPARD; MICHAEL F. ADOUE; JAMES A. NUGENT;
WILLIAM WARD MAYER; BERNARD J. RICE III; HOME INSURANCE COMPANY;
CYNTHIA LEE TRAINA,

Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-3223-C)
_____

August 16, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In her second trip to this court, Debtor-Appellant Linda Mayer has appealed four decisions related to her bankruptcy proceedings. We discuss them seriatim and, finding no error by the lower courts, affirm.

## I. Objections to Exemptions

Mayer appeals the bankruptcy court's decision to sustain the Chapter 7 trustee's objections to Mayer's claimed exemptions.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

She argues (1) that the trustee, Cynthia Traina, had no standing to object, and (2) that Traina's objections were void because they were not properly served on Mayer.

This bankruptcy originated in Chapter 7 in August 1995. The first meeting of creditors occurred on October 20, 1995. According to Bankruptcy Rule 4003(b), "[t]he trustee or any creditor" had 30 days after the first meeting to file objections to Mayer's claimed exemptions. Yet, on November 8 -- before the 30 days expired -- the bankruptcy court's order to convert the case to Chapter 13 was docketed. Although Traina's authority as Chapter 7 trustee expired then, see 11 U.S.C. § 348(e), Traina timely filed objections to Mayer's list of exemptions on November 13. In March 1996, after several months of extensions and unsuccessfully proposed repayment plans, the bankruptcy court granted Traina's motion to convert Mayer's bankruptcy back to Chapter 7, and Traina was reappointed as Chapter 7 trustee.

In June 1996, the bankruptcy court determined that Traina's objections to exemptions were not barred by lack of standing or lack of notice. The bankruptcy court reiterated these determinations in a written opinion signed and docketed on July 16. A hearing was held on the merits of Traina's objections on July 31. On August 12, the bankruptcy court sustained Traina's objections. The district court later found no error in the bankruptcy court's ruling.

Although Traina was not a Chapter 7 trustee when she filed objections, she was still a "creditor" allowed to file objections under Rule 4003(b). In the infant Chapter 13 case, she

**2**

had claims against the estate for the administrative expenses she had incurred while she was trustee.[1]  See 5 WILLIAM L. NORTON JR., NORTON BANKRUPTCY LAW & PRACTICE § 125:8, at n.88 (2d ed. 1993 & Supp. Feb. 1999) (citing cases allowing postpetition, preconversion administrative expenses for former trustees).  Thus, Traina did have standing to object to Mayer's claimed exemptions.

The question of notice is made unusual by the circumstances of this case.  Mayer claims that Traina never served her with a copy of her objections when they were filed in November 1995, even though Rule 4003(b) requires that "[c]opies of the objections shall be delivered or mailed to the ... person filing the list [of exemptions]."  That Rule, however, does not place a time limit on delivering copies.[2]  Nor do the rules governing service of a motion in a contested matter, except "reasonable notice and opportunity for a hearing."  See BANKR. R. 9014, 7004. Thus, the bankruptcy court did not err in determining that service at the time the matter was set for hearing would be adequate.  The fact that a hearing on exemptions was not set earlier was due to the detour the case took into Chapter 13 -- which was made at Mayer's request and later found to have been made without good faith.

The matter finally was set for hearing in July 1996. Mayer asserts that before that hearing, Traina served her only with

---

[1]Traina had already filed an interim application for fees at the time of conversion to Chapter 11.  It was later granted after reconversion to Chapter 7.

[2]This is unlike the pre-1983 Rule 403, which required a copy to be mailed to the debtor and his attorney "forthwith."

a notice of hearing and not a copy of the objections.  In response, Traina claims that "Mayer was appropriately served ... and she filed a memorandum opposing and appeared for oral argument on the issue."  The record contains a certificate of service showing that, on June 11, Traina mailed to Mayer a memorandum opposing her claimed exemptions and included a copy of the original November objections.  A hearing on the objections was held six weeks later.

The bankruptcy court and district court did not err in granting Traina's objections to Mayer's claimed exemptions.

## II. Compromise and Dismissal

Mayer argues that the bankruptcy court improperly approved a compromise of several of the estate's claims.  The district court held that Mayer's appeal of the compromise was untimely.

The compromise was reached by the trustee and several of the parties against whom Mayer had made claims.  On July 10, 1996, the bankruptcy court held a hearing on the motion for authority to compromise and settle litigation.  The motion included a proposed settlement agreement, and it specified that the parties against whom the estate had claims had already tendered a check for $1,000 to the trustee, who awaited only "court approval," the execution of "receipt and releases," and "consent judgments ... signed by the various courts involved."

The bankruptcy judge gave oral reasons for granting the motion, and, in part of a signed order docketed on July 18, ordered as follows: "IT IS FURTHER ORDERED that the motion of Cynthia Lee Traina, et al. for authority to compromise and settle litigation is

**4**

GRANTED. Counsel are to file the appropriate order regarding this motion."

On July 31, Traina filed with the bankruptcy court a receipt and release of the estate's claims. On that day, the bankruptcy judge signed an order dismissing those claims. The dismissal order was docketed on August 1. It was not until August 12 that Mayer filed her notice of appeal from the order "dismissing and compromising debtor's claims ... and also the Orders orally rendered on July 31, 1996."

The district court held that Mayer's appeal of the compromise was untimely because it was not filed "within 10 days of the date of the entry of judgment," BANKR. R. 8002(a), which the district court determined was on the date that the order approving the compromise was docketed. Mayer's timely appeal of the August 1 dismissal order could not be used as a belated attack against the July 18 compromise order.

Under the "liberalized final judgment rule" in bankruptcy, an order is appealable if it finally disposes of claims by the trustee against third parties. Official Comm. of Unsecured Creds. v. Cajun Elec. Power Coop. (In re Cajun Elec. Power Coop.), 119 F.3d 349, 354 (5th Cir. 1997). An order approving a compromise can be a final, appealable order. See, e.g., id.; Expeditors Int'l v. Citicorp N. Am., Inc. (In re Colortran, Inc.), 218 B.R. 507, 510 (B.A.P. 9th Cir. 1997); Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997).

Here, the bankruptcy court's language ordering counsel to "file the appropriate order" did not reveal any intent to retain

jurisdiction over the compromised claims, or to do anything non-ministerial in dismissing the claims. As the district court recognized, the bankruptcy court order made clear that it had approved the compromise and rendered its final judgment on such issues as whether the compromise was fair and equitable. To allow Mayer to raise those issues by challenging the subsequent dismissal order would permit a collateral attack. Cf. Former Frontier Pilot Litig. Steering Comm., Inc. v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.), 117 B.R. 588, 592 (D. Col. 1990) ("the Committee may not appeal the bankruptcy court's order confirming the plan as a way to attack collaterally the bankruptcy court's order approving [a settlement]").

The district court did not err in finding that Mayer's appeal of the compromise order was untimely.

Mayer also appeals the dismissal order itself on grounds that it was premature. Her first argument is that it was premature because the order authorizing the compromise was not yet final when the dismissal was ordered. This proposition has already been rejected. Mayer's second argument is that Traina's unilateral release did not constitute a compromise under LA. CIV. CODE art. 3071 (defining a compromise as "an agreement between two or more persons"). This argument is meritless; it is sufficient to note that the compromising parties signed the settlement agreement submitted to the bankruptcy court with the original motion to compromise.

### III. Protective Order and Stricken Motion

Mayer argues that the bankruptcy court improperly struck parts of her response to Traina's motion to compromise. This action was in the nature of sanctions for scandalous material included in Mayer's motion, so it is reviewed for an abuse of discretion. <u>See</u> <u>Coie v. Sadkin (In re Sadkin)</u>, 36 F.3d 473, 475 (5th Cir. 1994).

In her pro se filing opposing Traina's motion to compromise, Mayer included almost three pages that accused Traina and her attorney of incompetence and unprofessional conduct, and described the proposed compromise as "ridiculous" and "insulting." These sections were stricken by the bankruptcy court, which also ordered Mayer, under the threat of sanctions, not to "make scandalous, impertinent or irrelevant allegations against" Traina or her attorney.

The bankruptcy court did not abuse its discretion in taking these minimal steps to preserve decorum in a proceeding that was obviously driven in part by Mayer's strong emotions.

### IV. Enforcement of Sanctions

In the order docketed on August 12, the bankruptcy court also addressed previously-awarded sanctions of $294.14. This amount was to have been paid by Mayer to Kurt Englehardt, attorney for one of the creditors, Lois Shephard. In the August 12 order, the bankruptcy court ordered that Mayer was prohibited from filing any pleadings about Englehardt until the sanction was paid. The district court affirmed.

Mayer does not appeal the underlying award of sanctions. Rather, she argues that the bankruptcy court's method of enforcing the sanctions violates the federal statute precluding the use of "execution, levy, attachment, garnishment, or other legal process" against her social security benefits, see 42 U.S.C. § 407(a), which she claims are her only form of income.

The bankruptcy court's order did not constitute "other legal process" within the meaning of § 407(a). Unlike the cases Mayer cites, there was no execution on a judgment here, cf. Todd v. Romano, 550 A.2d 111 (N.H. 1988), nor a threat of a lawsuit or withholding of state tax refunds for refusal to pay over social security benefits, cf. King v. Schafer, 940 F.2d 1182 (8th Cir. 1991). Mayer was simply prohibited from filing further pleadings about Englehardt until she paid her sanctions. That she may have to use social security benefits -- after she receives them -- to do this, does not violate the statute. See United States v. Eggen, 984 F.2d 848 (7th Cir. 1993) (district court could revoke probation for defendant's failure to use social security benefits already paid to him to make restitution to his victims).

### V. Conclusion

Some of the appellants have requested sanctions from this court against Mayer. Although the litigation tactics surrounding this bankruptcy have often been no credit to the debtor, the first two legal issues raised in this appeal were not so frivolous as to warrant sanctions from this court at this time. Of course, the bankruptcy and district courts have the power to enter appropriate sanctions against Mayer for her tactics in those courts. And we

reiterate that Mayer may not use the federal courts as a vehicle for baseless or scandalous or repetitive claims.

All appellees except Traina moved to dismiss this appeal on technical grounds. Those motions are DENIED. The motion of Appellee Bernard J. Rice III to supplement the record on appeal is GRANTED.

The judgments of the district court and bankruptcy court are **AFFIRMED**.