# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2021-0505, <u>American Express National Bank v. Susan W. Jackson</u>, the court on February 10, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). We reverse and remand.

The defendant, Susan Jackson, appeals an order of the Superior Court (<u>MacLeod</u>, J.) granting the motion of the plaintiff, American Express National Bank, for periodic payments and requiring her to pay $150.00 per month toward a judgment of $16,621.86. <u>See</u> RSA 524:6-a (2021) (Periodic Payment of Judgments).

We review a trial court's periodic payment order under our unsustainable exercise of discretion standard. <u>American Express Travel v. Moskoff</u>, 148 N.H. 446, 450 (2002). Under this standard, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of her case. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). We will affirm the trial court's factual findings unless they are unsupported by the evidence and its legal rulings unless they are erroneous as a matter of law. <u>Kessler v. Gleich</u>, 156 N.H. 488, 491 (2007).

RSA 524:6-a, I, provides, in relevant part:

Whenever judgment is rendered against any person in this state, the court in which the judgment is rendered shall either at the time of rendition of the judgment inquire of the defendant as to the defendant's ability to pay the judgment in full or, upon petition of the plaintiff after judgment, order the defendant to appear in court for such inquiry. The court may at either time order the defendant to make such periodic payments as the court in its discretion deems appropriate.

The purpose of the inquiry is "not to deny a debtor the property and income needed to sustain life or the ability to earn income in the future, but rather to determine whether a debtor has property or income not needed for the

necessities of life from which a judgment may be paid." <u>Sheedy v. Merrimack Cty. Super. Ct.</u>, 128 N.H. 51, 55 (1986). Pursuant to Superior Court Rule 51(g):

> If the court is satisfied that the debtor has property not exempt from attachment or execution, the court may order the debtor to produce it, or so much thereof as may be sufficient, to satisfy the judgment and cost of the proceedings, so that it may be taken on execution. If the debtor is able to make weekly payments on the judgment, the court may, after allowing the debtor an appropriate amount for his or her support and that of the debtor's family, if the debtor has a family, order the debtor to make weekly payments on the judgment from time to time. The court may also make an Order combining any of the orders above mentioned.

<u>Super. Ct. R.</u> 51(g).

Following a hearing, the trial court issued an order which states in relevant part: "Having considered the parties' pleadings, the defendant's financial affidavit, the defendant's testimony and the arguments presented, the court holds that the defendant has a present ability to pay the judgment in monthly installments of $150.00." The order does not specify what evidence the trial court relied upon in reaching this conclusion.

We construe the defendant's brief to argue that the evidence was insufficient to show that she has the ability to pay the amount ordered. The defendant argues that the evidence showed that she has income from social security benefits and a civil service pension, both of which are exempt by federal statute from a payment order, and there was otherwise insufficient evidence to support the trial court's finding that the defendant has a present ability to pay $150.00 per month. We agree.

The defendant's affidavit and testimony reflect that the defendant receives $288.46 in social security benefits and $129.00 from a civil service pension each week, and that she has approximately $2,850.00 in cash. The income from social security cannot be used to satisfy the judgment in this case. <u>See</u> 42 U.S.C. § 407(a) (2018); <u>see</u> <u>also</u> <u>Todd, Ex'r v. Romano</u>, 131 N.H. 96, 97 (1988) (periodic payment order could not require defendant to pay out his social security benefits in violation of federal statute). The income from the civil service pension likewise cannot be used to satisfy the judgment in this case. <u>See</u> 5 U.S.C. § 8346(a) (2018). Accordingly, the $150.00 per month would have to be paid from other sources of income, and the record does not support a finding that defendant has other sources of income.

The affidavit and testimony reflect that the defendant resides in a home in Hebron with an estimated value of $1.13 million, which is encumbered by a

2

$773,000.00 mortgage. The defendant testified that the Hebron property is held by a trust, and that she and her children are co-trustees of a trust or trusts that own several other properties. There was little evidence presented at the hearing regarding the nature of the trusts, other than that the defendant and her late husband created the trusts and transferred the properties into them, and that the defendant and her children are the co-trustees. In response to a question by the plaintiff's attorney about how she pays her bills, given that her expenses exceed her income, the defendant testified that "[w]henever I sell a property or my son sells a property we pay things off." This, in addition to other testimony, supports the conclusion that when the trust or trusts sold properties, the defendant used the proceeds to pay outstanding bills. However, the evidence does not support a finding that the defendant currently receives any income from the trust or trusts.

The plaintiff asserts that two provisions of the New Hampshire Trust Code, RSA 564-B:5-504 (Supp. 2022) (Creditor's Claim Against a Beneficiary of a Discretionary Trust) and RSA 564-B:5-505A (2019) (Creditors Claim Against a Settlor of an Irrevocable Trust), "identify trust property and income as available to satisfy creditors' claims against settlors and beneficiaries of trusts." It is unclear on the record before us whether these statutes are applicable, and in any event, the plaintiff did not request that the trial court compel a distribution from the trust or trusts. Rather, the plaintiff requested only that the court "enter a payment order of at least 200 dollars per month," and the trial court entered a payment order of $150.00 per month. In light of the fact that the record reflects that the defendant's only income is from sources that cannot be used to satisfy the judgment in this case, the trial court's finding that the defendant has the present ability to pay $150.00 per month was clearly unreasonable.

<u>Reversed and remanded</u>.


MACDONALD, C.J., and HICKS, BASSETT, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3